## G. M. Nesbitt v. State.

### No. 2154.   Decided February 26, 1913.

### Rehearing denied March 26, 1913.

**1.—Theft—Fraudulent Conversion—Continuance—Want of Diligence.**

Where the witness had moved out of the county of the prosecution and no additional process had been issued, the diligence was insufficient.

**2.—Same—Evidence—Want of Consent.**

The fact that defendant offered to let prosecutor have an insurance policy on what he owed him would not tend to show whether or not he had authority to use the alleged check at the time he appropriated the same.

**3.—Same—Evidence—Precedent.**

Where the evidence objected to had been ruled to be admissible in the former appeal, there was no error.

**4.—Same—Evidence—Bill of Exceptions—Cross-Examination.**

Where defendant claimed in his direct examination that he had frequently rendered assistance to the prosecutor, there was no error in cross-examination to ask him whether he had ever signed any note for the prosecutor, which he answered in the negative; besides, the bill of exceptions was defective.

**5.—Same—Evidence—Letters.**

Upon trial of fraudulent conversion of a certain check, there was no error in admitting in evidence a letter which rendered intelligible defendant's letter and the reply thereto, nor was there any error in admitting defendant's letter to prosecutor.

**6.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions showed that defendant's objection to a certain question was sustained, there is no room for complaint.

**7.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions failed to set out the questions propounded or the answers given thereto or what testimony was admitted, there was nothing to review on appeal.

**8.—Same—Charge of Court—Sufficiency of the Evidence—Argument of Counsel.**

Where, upon trial of theft by fraudulent conversion of a check, the evidence sustained the conviction under a proper charge of the court, and the argument of State's counsel was not of such character to authorize a reversal, there was no error.

Appeal from the District Court of Coryell.   Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of theft of property over the value of $50; penalty, two years imprisonment in the penitentiary.

The indictment contained several counts alleging embezzlement, fraudulent conversion and theft.

The opinion states the case.

*S. T. Sadler,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of theft of property of over $50 in value, and his punishment assessed at two years confinement in the penitentiary.

This is the second appeal in this case, the opinion on the former appeal being reported in 65 Tex. Crim. Rep., 349, and the facts are there sufficiently stated not to need repetition here.

An application for continuance was made on account of the absence of Davis Trout. The qualification of the bill shows that since the witness was summoned he had moved from Coryell County to McLennan County, and no additional process had been issued for this witness in that county. Appellant in his application states no reason why he had not had additional process issued, and under these circumstances the diligence is insufficient.

In the next bill appellant complains the court would not permit him to prove that some time after appellant had cashed the check and appropriated the money, H. L. Smith, the prosecuting witness, was in appellant's office, and appellant was trying to sell him a life insurance policy, and that Smith replied he did not have the money, when appellant offered to let him have the policy on what he owed him. This would not show nor tend to show whether or not he had authority to use the check at the time he appropriated it, and the court did not err.

Appellant again complains of the admissibility of the testimony of Leake Ayres. On the former appeal we held this testimony admissible, and we see no reason to revise that ruling, especially in the light of the qualification of the court to the bill. Stephens v. State, 49 Texas Crim. Rep., 489.

In the fourth bill it is shown that while appellant was testifying on cross-examination, he was asked: "Have you ever signed any notes for Herman Smith," to which the witness answered, "No sir," The connection or want of connection of this question with the other testimony of this witness is not shown in the bill, and, therefore, it is incomplete, but the court in approving same states that appellant while testifying on direct examination had stated he had frequently rendered assistance to Herman Smith, and on cross-examination he was being asked as to what assistance he had rendered, and this question among others were propounded. As thus explained there was no error in the ruling of the court.

There was no error in admitting the letter of Miller & Morgan to appellant in evidence, as it was rendered necessary to render intelligible the letter of appellant in reply thereto. The only objection made was to the sentence which referred to the notes which Smith had signed for appellant. As appellant, while cross-examining Smith, had elicited the fact that Smith had signed these notes, this matter presents no error. Neither was there any error in the court admitting the letter of appellant to Smith dated March 24, 1909. In this letter he says: "You know what I have done has been as intentionally

honest as anyone could considering that I spent lots of money on the campaign, and on account of my ill health. I have meant no wrong, or desire to beat you out of a cent. I intend to pay you the sixty dollars which I owe you as well as take up the notes at the bank as soon as I can." The court in approving this bill states: "The subject of Smith's signing other notes for Nesbitt and their renewal," etc., was gone into by defendant in the cross examination of Smith. Nesbitt's version of the matter, other than as to the $60 check on which this prosecution is based, while clearly self-serving, was not permitted to be contradicted nor disproven by the State. As thus explained there was no error in the ruling of the court.

In bill No. 7, a question is set out as asked by the district attorney, but no answer is given, and the court in approving the bill states the objection was sustained, and no answer permitted. As the court sustained the objection, there is no room for complaint.

The bill which complains of the testimony of the witness Morgan does not set out the questions propounded, nor the answers given, nor give in substance nor in detail any portion of the testimony admitted. So it is not presented in a way we can review it.

The criticisms of the charge of the court present no error. It is a full and fair presentation of the issues involved in the case, and the evidence offered in behalf of the State supports the verdict. The remarks of the district attorney complained of should not have been used, if used. The bill as approved leaves it in some doubt as to whether this language was used, but conceding that it was used, no exception was reserved or special charge asked in regard thereto until some time after the jury retired, and it is not of that inflammatory nature for which we would feel authorized to reverse because of its use alone, especially so as appellant was given the lowest penalty· authorized in law. All other questions were passed on in the opinion on the former appeal, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied, March 26, 1913.—Reporter.]