(67 South. 539)

No. 21022.

STATE v. HEAD.

(Feb. 8, 1915.)

*(Syllabus by the Court.)*

WITNESSES ⬥⟲288—REDIRECT EXAMINATION—
SCOPE—INTOXICATING LIQUORS.

In a prosecution for retailing intoxicating liquors without a license on a day fixed, where the prosecuting witness has already testified to such sale, and on cross-examination also testifies that he bought intoxicating liquors from the defendant at another time, it is competent for the state, on redirect examination, to inquire as to the time that such purchase was made.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1003; Dec. Dig. ⬥⟲288.]

Appeal from Fifth Judicial District Court, Parish of Jackson; Cas Moss, Judge.

J. Y. Head was convicted of retailing intoxicating liquors without a license, and appeals. Affirmed.

Earl E. Kidd, of Winnfield, and Wm. J. Hammon, of Jonesboro, for appellant. R. G. Pleasant, Atty. Gen., and Julius T. Long, Dist. Atty., of Winnfield (G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. The defendant appeals from a judgment, on a trial without a jury, finding him guilty of retailing intoxicating liquors without a license on January 24, 1914.

The only bill of exceptions found in the record is taken to the ruling of the court in permitting the district attorney to ask a state witness, on redirect examination, whether the purchase by him of intoxicating liquors from the defendant, different from that fixed in the indictment, and about which he had been questioned on cross-examination by defendant's counsel, and which had not been testified to by him on his examination in chief, had taken place prior to the date mentioned in the bill of particulars or not. In overruling the objection to the question propounded by the district attorney on redirect examination, the court said:

"The testimony as to the facts shown was brought out by counsel for defendant on cross-examination, and the state was permitted to ascertain the time to determine whether or not it was a different sale from that included in the charge. It was shown to have been a time prior to that included in the bill of particulars, and did not enter into the facts forming the basis upon which the accused was convicted. The testimony shows conclusively a sale of whisky without a license to sell on the date and in the manner alleged, independent of the testimony complained of, and without in any manner considering it as a part of the case as charged."

It appears from the statement of the judge that the state had proved the offense charged in the indictment, and that the prosecuting witness, on cross-examination by counsel for the defendant, testified about a sale of intoxicating liquors by defendant at some other time; and it was therefore competent for the state to show the date of such sale, and that it was prior to the date mentioned in the indictment under which the defendant was being tried. This ruling is not in opposition to the ruling in State v. Ryan, 131 La. 1054, 60 South. 681. The state was not here attempting to prove other sales of intoxicating liquors on other dates than that mentioned in the bill of particulars. That evidence had been brought out by the defendant on cross-examination of the prosecuting witness, and he cannot be heard to complain thereof.

Judgment affirmed.