premiums, and designated Miss Delery as beneficiary.

In Succession of Hearing, 26 La. Ann. 327, the court said:

"A man may take out a policy of insurance on his life in the name of any one, or, having taken it out in his own name, he may, with the consent of the assurers, transfer it to whom he pleases."

This doctrine was approved in Stuart v. Sutcliffe, 46 La. Ann. 247, 14 South. 912. See, also, Heinlein v. Imperial Life Ins. Co., 25 L. R. A. 627, note, and Rose Dolan v. Supreme Council, etc., 152 Mich. 266, 116 N. W. 383, 16 L. R. A. (N. S.) 555, 15 Ann. Cas. 232. In the last case the syllabus reads:

"The insurance of one's life for the benefit of another having no insurable interest therein is not contrary to public policy."

Judgment affirmed.

═══════

(69 South. 167)

No. 21344.

STATE v. ANDERSON.

(June 12, 1915. Rehearing Denied June 29, 1915.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION ☜159— AMENDMENT.

A certain warehouse was burglarized on the night of the 21st, and again on the night of the 22d, of January, 1914. The defendant was charged in the indictment with burglary of that warehouse on the night of the 22d of January, 1914; and, when the state offered evidence to prove the burglary on the night of the 21st of January, his counsel objected to the evidence being admitted unless and until the indictment should be amended as to the date of the alleged commission of the crime. The objection was overruled, the evidence introduced, and the defendant convicted, and on appeal the conviction was set aside and the case remanded to be proceeded with according to law. The defendant's counsel thereafter objected to an amendment of the indictment, on the ground that it would then charge the commission of another crime than that for which he was indicted. *Held*, the amendment was not as to a material part of the indictment, did not prejudice the accused in his defense and was properly allowed.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 505–514; Dec. Dig. ☜159.]

2. CRIMINAL LAW ☜594, 600—CONTINUANCE —ABSENT WITNESS.

Where the sheriff's return shows that an absent witness summoned for the defense could not be found, and the record shows that he was present at a former trial of the case and was not called as a witness, and the district attorney admitted that if the witness were present he would testify to the facts alleged in the motion for a continuance, there is no error in overruling the motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1321, 1322, 1332, 1342–1347, 1604; Dec. Dig. ☜594, 600.]

3. CRIMINAL LAW ☜1163 — REMARKS OF JUDGE—PREJUDICE—PRESUMPTION.

As jurors are supposed to give a reasonable construction to the remarks of the trial judge, it is presumed that his remarks which could not reasonably cause the jurors to be prejudiced against the defendant did not cause them to be prejudiced against him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3090–3099; Dec. Dig. ☜1163.]

4. INDICTMENT AND INFORMATION ☜176 — PLEADING AND PROOF—DATE OF OFFENSE.

In a criminal prosecution, the proof need not correspond precisely with the allegation in the indictment as to the date of the commission of the crime, unless the date is of the essence of the offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 548; Dec. Dig. ☜176.]

5. WITNESSES ☜287—CROSS-EXAMINATION— RE-EXAMINATION—OTHER OFFENSES.

Although, as a general rule, evidence of the commission of another crime than that charged in the indictment is not admissible; nevertheless, if the defendant's counsel cross-examines a state witness with regard to another crime than that charged in the indictment, about which the witness was not examined by the district attorney, the latter may then re-examine the witness on the subject as far as is necessary for a proper explanation of the testimony given on the cross-examination regarding the other crime.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 930, 1000–1002; Dec. Dig. ☜287.]

6. BURGLARY ☜46 — INDICTMENT—INSTRUCTIONS.

The trial judge is not required to give a special charge requested by the defendant if it is not appropriate to the crime charged in the indictment.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 111–120; Dec. Dig. ☜46.]

Appeal from Twenty-First Judicial District Court, Parish of Iberville; C. K. Schwing, Judge.

Arthur Anderson was convicted of burglary, and appeals. Affirmed.

See, also, 66 South. 966, 136 La. 261.

J. H. Pugh, of Plaquemine, for appellant. R. G. Pleasant, Atty. Gen., and J. H. Morrison, Dist. Atty., of New Roads (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The appellant was convicted of the crime of burglary committed on the night of the 21st of January, 1914, and was sentenced to serve five years' imprisonment in the penitentiary. His appeal is founded upon 14 bills of exception.

[1] He was convicted heretofore of the crime of burglary of the same premises, under this indictment, which then charged that the crime was committed on the night of the 22d of January, 1914, on proof that the crime was committed on the night of the 21st of January, 1914. In the former trial, it was admitted by the district attorney that the same warehouse of which the defendant was accused of having committed burglary on the night of the 22d of January, 1914, had been burglarized by some one on the night of the 21st of January, 1914; and, in his argument to the jury, the district attorney said that he would not occupy his time arguing about the case that took place on the 22d of January, as he was only concerned with the case that happened on the 21st of January. The defendant's counsel objected to the evidence offered at the former trial to prove that the burglary was committed on the night of the 21st of January, 1914, unless and until the indictment should be amended to conform to that date. The objection was overruled, the evidence admitted, and a bill of exceptions reserved; and, on appeal to this court, the ruling was held to be erroneous, the verdict and sentence were therefore annulled, and the case remanded to the district court for a new trial. See State v. Anderson, 136 La. 261, 66 South. 966.

When the case was returned to the docket of the district court and the district attorney moved to amend the indictment by changing the date from the 22d to the 21st of January, 1914, the defendant's counsel objected, contending that the so-called amendment was in effect the institution of a new and different prosecution. The objection was overruled, the date 22d was changed to 21st of January, 1914, in the indictment, and the defendant's counsel reserved bill of exceptions No. 1. He urged the same objection to the arraignment under the amended indictment, to the overruling of which objection he reserved bill of exceptions No. 2. And he made the objection to the assignment and reassignment of the case for trial, and to being tried, under the amended indictment, and to the three adverse rulings, reserved, respectively, bills of exception Nos. 3, 4, and 5. These five bills of exception therefore depend upon whether there was error in permitting the indictment to be amended and will be considered as one.

In remanding this case for a new trial (136 La. 261, 66 South. 966), it was said:

"In the instant case there was no formal defect apparent on the face of the indictment; but the state, having charged defendant with an offense as committed on the night of January 22d, and which had been committed by some one on that night, sought to sustain the charge * * * by evidence showing the commission of a crime, identical with the other, save as to the time, which was committed, by some one, on the night of January 20th (21st); and defendant made the objection that the evidence was inadmissible, unless and until the indictment should be amended to conform to the facts including the time to be proved. There was no other course for him to pursue, and we are of opinion that his objection should have been sustained and the indictment amended, as contemplated by R. S. 1047, above quoted; otherwise he may be convicted of two offenses, though guilty of but one.

"It is therefore ordered that the conviction and sentence appealed from be set aside, and that the case be remanded to be further proceeded with according to law and to the views herein expressed."

The district attorney, in amending the indictment, followed the direction of this court,

and we, in turn, followed the suggestion and responded to the complaint of the defendant's counsel that the evidence of the commission of burglary on the night of the 21st of January, 1914, was not admissible unless and until the indictment should be amended to conform to that date.

Section 1047 of the Revised Statutes provides that an indictment may be amended in certain particulars if the court considers that the amendment is not material to the merits of the case and that the defendant cannot be prejudiced thereby in his defense. And section 1063 provides that the date of commission of the crime alleged in an indictment is not material, and that an error in this respect is not important, in cases where time is not of the essence of the offense charged.

The learned counsel for the defendant argues that the fact that there were two separate and distinct crimes of burglary of the same warehouse committed, one on the night of the 21st and the other on the night of the 22d of January, 1914, makes the date a material part of the indictment in this case, and takes it out of the general rule. He says that the grand jury, in indicting the defendant, had in mind the burglary that was committed on the night of the 22d and had no intention of indicting him for the crime that is alleged to have been committed on the night of the 21st. But, from the fact that the grand jury indicted this defendant, we must assume that the intention was to indict him for the crime which has been proven to have been committed by him, that is, the burglary committed on the night of the 21st of January, 1914, unless we assume that he also committed the crime of burglary that was committed on the night of the 22d. And, if we assume this, the date would not be a material part of the indictment.

Our conclusion is that the defendant was not prejudiced in his defense by the amendment of the indictment.

137 LA.—25

[2] Bill of exceptions No. 6 was reserved to the judge's refusal to grant a continuance on account of the absence of a witness for the defense. The district attorney admitted that the absent witness would, if present, testify as alleged in the defendant's motion for a continuance. It was alleged in the motion that the witness was in the Charity Hospital in New Orleans. The sheriff, however, reported to the court that he had made an investigation there and did not find the witness in the Charity Hospital in New Orleans, and that it was impossible to locate him. The case had been continued before on account of the absence of this witness, and the sheriff had then reported that it was not possible to locate him. He was present at the former trial of this case and was not called to the witness stand. Under these circumstances, it cannot be said that the defendant was illegally deprived of the process of the court to compel the attendance of the witness.

[3] Bill of exceptions No. 7 was reserved to the following remark made by the judge to the jurors drawn when the regular venire was exhausted and a recess was about to be taken to summons tales jurors, viz.:

"Now, under the new law, gentlemen, passed by the last Legislature, the parish is put to considerable expense, and you gentlemen will have to be locked up until the sheriff can summon the tales jurors."

The complaint is that the jurors might have inferred from the foregoing remarks of the judge that it was the defendant's fault, in not selecting a full jury from the regular venire, that the jurors who were selected had to be locked up while the sheriff summoned tales jurors. The judge's criticism of the new jury law, however, seems to have been aimed at the Legislature and was not at all prejudicial to the defendant in this case.

Bills of exception Nos. 8, 9, 10, and 11, refer to an order of the judge directing the clerk of court to draw the names of five tales

jurors, and then changing the order so as to require him to draw fifteen names. The defendant's counsel believed that the order was changed because the five names first drawn were of talesmen residing far away from the courthouse. The judge says that his reason for amending the order was that he discovered that there were more peremptory challenges left than he thought there were when he ordered only five names drawn. We accept the judge's statement as true. There is no merit in these bills.

[4] Bill of exceptions No. 12 was reserved to the ruling refusing to strike out the testimony of the prosecuting witness, Eugene Poche, who swore that the burglary was committed on the night of the 20th of January, 1914, and refusing the defendant's request that the jury be instructed to disregard that testimony. The objection to the evidence was that it was at variance with the allegation in the indictment that the crime was committed on the 21st of January, 1914. It is well settled that the proof need not correspond precisely with the allegation as to the date of the commission of a crime. See Wharton's New Crim. Proc. vol. 1, p. 246, § 400.

[5] Bill of exceptions No. 13 was reserved to the ruling of the court permitting the witness Eugene Poche to testify, over the defendant's objections, on cross-examination by the district attorney, regarding the burglary of his warehouse that was committed on the night of the 22d of January, 1914. It appears that this was a separate and distinct crime; for which the defendant was not indicted, and the evidence would not have been admissible ordinarily. People v. Molineux, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193, cited in 105 Am. St. Rep. (N. Y.) 977. But the record discloses that the examination of this witness was originally confined to the burglary committed on the night of the 21st of January, 1914; and, on cross-ex-

amination, the defendant's counsel examined him fully regarding the burglary of his warehouse on the night of the 22d of January. On re-examination by the district attorney, the witness was permitted to explain the statements he had made on cross-examination regarding the burglary committed on the 22d of January. There was no error in permitting the state to have such explanation from the witness as was proper for a full understanding of the testimony which the defendant's counsel had brought out on cross-examination.

[6] Bill of exceptions No. 14 was reserved to the refusal of the trial judge to give the following special charge to the jury, as requested by defendant, viz.:

"In this case, burglary and larceny are charged in the indictment in a single count; but the jury can find a verdict for both burglary and larceny or either."

The charge was not appropriate, because the indictment did not charge both burglary and larceny. The crime charged was breaking and entering or burglary of a warehouse in the nighttime with intent to steal. It was proper to refuse to give the charge.

We have failed to find any error in the proceedings.

The verdict and sentence appealed from are affirmed.