(105 So. 249)

No. 27256.

## STATE v. HUTCHINSON et al.

(June 22, 1925. Rehearing Denied July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law �köä681(1)—Refusal of right to cross-examine before introduction of box which had contained stolen articles held not error.**

In prosecution for breaking and entering, it was not error to refuse to allow cross-examination before the introduction in evidence of an empty box which contained underwear which had been fully identified, especially where claim of right of cross-examination amounted only to objection that evidence of identification was insufficient, and where counsel was later afforded opportunity for cross-examination.

2. **Criminal law ⊙╦369(7)—Proof that defendant admitted purchasing goods from person whose store was also burglarized held not evidence of another offense.**

In prosecution for breaking and entering, proof that defendant admitted purchasing goods found in his possession from person whose store was also burglarized *held* not evidence of a burglary other than the one charged.

3. **Witnesses ⊙╦288(2)—Where state's witness is cross-examined regarding crime not charged, it is proper for state to re-examine him regarding crime.**

If state's witness was cross-examined in regard to a crime other than that charged and about which witness had not testified on direct examination, it was proper for state to re-examine witness so far as necessary for a proper explanation of testimony given on cross-examination regarding the other crime.

4. **Criminal law ⊙╦1119(2)—Bill presents no error, where witness' answer not set out.**

Where answer to question propounded to test credibility of defendant, and objected to as not proper cross-examination, was shown neither in bill of exceptions nor in evidence attached thereto, bill presents no error.

5. **Criminal law ⊙╦1168(2)—Objection to examination of witness held not reviewable where witness' answer did not prejudice defendant.**

Where answer to question, objected to on ground that question was not proper rebuttal,

did not prejudice defendant, objection was frivolous, and will not be reviewed.

Appeal from Twenty-First Judicial District Court, Parish of Livingston; Prentiss B. Carter, Judge.

Zeke Hutchinson and others were convicted of breaking and entering, and they appeal. Affirmed.

Matthew J. Allen and Ellis & Ellis, all of Amite, for appellants.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., A. L. Ponder, Jr., Dist. Atty., of Amite, and E. R. Schowalter, Asst. Atty. Gen. (M. C. Rownd, of Springfield, of counsel), for the State.

LAND, J. Defendants have appealed from a sentence for the crime of breaking and entering in the nighttime of February 22, 1925, the store house of Dummwright Bros., with intent to rob and steal, and rely upon 11 bills of exceptions for the reversal of the conviction and final judgment against them.

Bills of Exception Nos. 1, 2, 3, 4, and 5.

The first five of these bills were reserved to the sufficiency of evidence to identify certain articles found in the possession of the defendants, and to the remarks of the trial judge in ruling upon the objections, made by counsel for defendants, to the admissibility of this evidence.

As the jury is the exclusive judge of the weight and sufficiency of the evidence in criminal cases, the objections of counsel went to the effect rather than to the admissibility of the evidence offered. State v. Wiggins, 50 La. Ann. 330, 23 So. 334; State v. Beaird, 34 La. Ann. 104.

We find no prejudice to the accused in the remarks made by the judge a quo in stating the reasons for his overruling objections made by counsel for the defense to the admissibility of the testimony.

### Bill of Exceptions No. 6.

We are of the opinion that the district judge did not err in refusing to allow counsel to cross-examine the witness before the empty box was offered by the district attorney. The box had contained underwear belonging to Dummwright Bros., with the pricemarks on it, and had been fully identified by the state witness, Marion Dummwright. The box had been discovered 2½ miles east of Holden, the place at which Dummwright Bros. store was located, and the tracks found near the box compared exactly with the tracks seen around the place of business of Dummwright Bros. at Holden at the time of the burglary.

A fact may be established by circumstances, as well as by direct and positive evidence. The evidence tended to show that the box of drawers was stolen from the burglarized premises. State v. Bradley, 6 La. Ann. 559; State v. Beaird, 34 La. Ann. 104.

[1] The claim of right of cross-examination in the case amounts virtually to nothing, except an objection to the sufficiency of the identification of the box, before it was offered in evidence. As shown by the per curiam to this bill, counsel was afforded later an ample opportunity to cross-examine the witness. The statement of the court, at the time of overruling the objection of counsel for defendants, "It is absolutely useless," is, in our opinion, far from being, as contended by counsel, "equivalent to a statement by the court that the goods had been so positively identified by the state that it was absolutely useless for the defendants to hope on cross-examination to attach or affect the positive identification of the goods by the state."

The remark of the court was nothing more than an expression of impatience at the repeated attempts of counsel for defendants to recross on every question propounded by the district attorney in his endeavor to identify numerous articles found in the possession of defendants.

### Bills of Exceptions Nos. 7 and 8.

[2] The evidence attached to bill No. 7 does not show that the state attempted to prove that defendants had burglarized any other store than that of Dummwright Bros. Certain articles found in the possession of the defendants Gill were proven by the admission of defendants themselves to have been purchased by them from Will Jordan, the proprietor of the Hungarian store at Albany. The objection of counsel for defendants to the testimony of the state witness, Ike Starns, that defendants had admitted the purchase by them of these goods from Jordan was that defendants were under arrest at the time. A bill was noted, but was not formally drafted, and presented to the trial judge for his signature and approval.

The state witness testified that:

"Mr. Kimball and me asked Charley Gill (that's the first place we searched) about the goods found in his house; and he said that he had bought them from Mr. Jordan."

Counsel for defendant objected, "unless he said what kind of goods."

The witness then stated:

"The underwear he bought from Mr. Jordan, the shoes from Mr. Jordan. In fact, all the goods we asked him about at that particular time he said he had bought them from Mr. Will Jordan, at Albany."

The witness also testified as to the statement made by the defendant Milton Gill as to his purchase of certain goods found in his possession from Mr. Jordan.

After detailing a list of these goods, the question was asked by the district attorney:

"I hand you a pair of overalls. Did you see those overalls before?"

Counsel for defendant then objected as follows:

159 LA.—5

"Now, if the court pleases, we object to any further examination along this line, on the ground that it has not been shown that these goods came from Dummwright Bros. store.

"The Court: He has not offered them yet.

"Witness: Yes, sir; I seen them before."

The objection went to the effect of the evidence.

The cross-examination of this witness by Mr. Allen did not bring out the burglary of Jordan's store, but the fact only that the witness identified these goods as found in the possession of the defendants.

We find no merit in this bill. The proof that defendants had said that they purchased these goods from Jordan evidently accounted for their possession of same as honestly acquired, and, at the time, there was no evidence to the contrary presented to the jury. The evidence, instead of creating a presumption of guilt, tended to show the innocence of the accused, as far as the theft of these particular goods was concerned. Nor do we find any merit in bill of exceptions No. 8. This bill refers to testimony in the record found at pages 106 to 117.

[3] Jordan, the manager of the Hungarian store at Albany, was placed on the witness stand by the state. The witness testified that the defendants Gill had traded with him. He was questioned as follows:

"Q. Have you ever seen this shirt before, Mr. Jordan? A. Yes, sir. I think that shirt came out of my store.

"Q. Did you ever sell it?

"Mr. Allen: I object to that, if the court pleases, on the ground that these parties are not charged with robbing and stealing anything except from Dummwright Bros. store, and any testimony except as to that is not admissible."

The witness did not answer the questions on direct examination, and did not identify, or attempt to identify, a single article as stolen from his store. The state made no attempt to prove the burglary of the Hungarian store at any time by this witness.

However, on cross-examination by counsel for defendants, it was shown that goods had been taken from the store of witness in October, 1924, and that his store was burned on January 19, 1925. The witness was asked by counsel for the accused: "Were you the instigator in having an affidavit made out against the accused, charging them with robbing your store?" The witness answered: "No, sir." At the conclusion of the cross-examination the district attorney claimed the right to re-examine the witness along the same line, which was granted by the court. Then the state witness was recross-examined by counsel for defendant, and evidence was brought out, in detail, by counsel showing that the store was robbed the first time in October, 1924, and was robbed and burned in January, 1925, and, in addition to this, that various articles found in the possession of the defendant Gills were identified as stolen from the Hungarian store.

Conceding that the state could not introduce evidence as to other disconnected burglaries to prove the intent of the defendants under the particular charge of burglary against them, yet it is well settled that, if defendants' counsel cross-examined a state witness with regard to another crime than that charged in the indictment, about which the witness was not examined by the district attorney, the latter may then re-examine the witness on the subject as far as is necessary for a proper explanation of the testimony given on the cross-examination regarding the other crime. State v. Anderson, 137 La. 766, 69 So. 167; Baker v. State, 58 Ark. 513, 25 S. W. 603; Nesbitt v. State, 69 Tex. Cr. App. 374, 155 S. W. 203; Cowser v. State, 70 Tex. Cr. App. 265, 157 S. W. 758, Ann. Cas. 1916B, 598.

The court overruled the objection of defendants' counsel to the re-examination by the district attorney of the witness as to the other burglaries, and later on, during a short

stop in the proceedings, said, jestingly and aside, to counsel for defendants:

"He has sawed the plank from under his feet and cannot complain;" "he has dug a pit and fallen into it."

These remarks were not made in the presence of the jury, and therefore could not have prejudiced the defendants in any way. The remarks of the court clearly refer to the faux pas committed by defendants' counsel in bringing out other burglaries in the cross-examination of the state witness.

### Bill of Exception No. 9.

[4] While Milton Gill, one of the defendants, was on cross-examination, he was asked by the district attorney: "Did you ever see these jumpers before?" to test the credibility of the witness. Counsel for defendants objected to the question on the ground that it was not in cross-examination of anything brought out by the defendants in chief, and that the jumpers had not been offered in evidence. As neither the bill of exception reserved nor the evidence attached to the bill shows the answer of the witness, the bill is without merit.

### Bill of Exception No. 10.

[5] While a state witness called in rebuttal was on the stand, he was asked by the district attorney, "When you fixed that car, did you have occasion to look all over it?" Counsel for defendants objected to the question on the ground that it was not in rebuttal of anything brought out by the defendants. The court overruled the objection, and the witness answered, "Not exactly."

This bill is frivolous. Whether the evidence was in rebuttal or not, defendants could not have been prejudiced by the answer of the witness.

### Bill of Exception No. 11.

This bill was reserved to the overruling of a motion for a new trial on the ground that the evidence was not sufficient to sustain a verdict of burglary. We pass this bill without comment.

Judgment affirmed.