SUMMERS, Justice.
Defendant was tried on a bill of information charging him with distribution of a controlled dangerous substance on January 8,1973. R.S. 40:966(A). After a trial by jury, defendant was convicted and sentenced to serve twenty-seven years at hard labor.
*205 He appeals his conviction and sentence relying on two bills of exceptions.

Bill 1

This bill was reserved when the Court overruled the defense counsel’s objection to the prosecution’s introduction into evidence of testimony of previous offenses of the accused on the ground that the State had .not complied with the procedural guidelines set forth in State v. Prieur, 277 So.2d 126 (La.1973). Defense counsel objected to the State’s questioning of the undercover agent involved concerning previous “buys” he had made from Lewis without having given the required Prieur notice.
After reviewing in detail the attached transcript, we find that it was defense counsel, himself, who called the jury’s attention to the prior offenses of his client. He cannot now be heard to complain.
On direct examination by the Assistant District Attorney, the undercover agent testified that on the 8th of January he had purchased a matchbox containing eighteen “papers” of heroin from the defendant. He also identified the accused in court as the person from whom he had made the “buy” on that date. On cross-examination of this witness, defense counsel attacked the identification. On redirect, therefore, the State attempted to strengthen its witness’s identification by eliciting testimony from him that his identification was correct because he was familiar with the defendant, having seen him “5-7 times” during the two weeks preceding the “buy”. The prosecutor made no attempt whatsoever to elicit responses concerning other offenses committed by Lewis.
It was then on recross that defense counsel initiated the following inquiry into other offenses:
BY MR. WILKINS:
Q. Mr. Spillers, did you make any “buys” from Mr. Lewis prior to January 8th ?
A. Yes, sir.
Q. And did they turn out to be heroin?
A. Yes, sir.
Q. And you have the report from that also?
A. Yes, sir.
Q. Was Mr. Lewis arrested on these charges ?
A. I don’t know what charges he was arrested on whenever he was arrested.
Q. Did you take any part in the arrest?
A. No, sir.
Q. Did you take any part in the charges ?
A. Other than going out and making the “buys” and making our report it’s up to the District Attorney’s office to file the charges.
Q. Have you ever bought some merchandise from Mr. Lewis that wasn’t heroin ?
A. No, sir.
Q. Mr. Lewis has never had an occasion to “rip” you off ?
A. No, sir ... well, I’ll correct that, on one occasion, I think the last occasion, he was supposed to have an ounce of heroin, and it turned out to be codeine, and I, uh, think that was on January 20th of this year.
Q. So there have been occasions when you have made “buys” from individuals who you thought were dealing who were not dealing in what you thought they were dealing in, and they actually “ripped” you off?
A. Yes, sir, that’s happened.
Q. So it appears that there are circumstances and occasions where your *206 identity has been known and people have taken advantage of you?
A. No, sir, whenever I was "ripped off” it wasn’t because people found out I was an agent or anything. I think on these occasions when that’s happened it’s because the people were . . . assumed I was what I purported myself to be, and they wanted to “rip” me off for the money, and on occasions, most occasions whenever somebody suspects that you are an agent or they know that you’re an agent, they’ll just stay away from you, they won’t try to “rip” you off or set you up or anything like that, they’ll just try to stay away from you completely.
Q. Okay, thank you.
On redirect, the District Attorney pursued the inquiry into other “buys” brought out by the defendant’s counsel.
BY MR. GREMILLION:
Q. Wait, Officer Spillers, in answer to one of Mr. Wilkins’ questions you stated that you had . . . purchase made on previous occasion before . . . January 8th?
A. Yes, sir.
Q. Another purchase from this accused?
A. Yes, sir.
Q. Where did that take place ?
A. That took place .
MR. WILKINS: Objection, Your Honor, he’s not on trial for prior offenses ... if any.
MR. GREMILLION: Well, Your Honor, I simply submit that defense has opened the door, and it needs to be explained.
THE COURT: All right. Objection will be overruled.
Q. Where did that take place ?
A. That took place on Washington Avenue.
Q. Is that in Baton Rouge?
A. Yes, sir.
Q. And about what time of day was it? About what date was it?
A. Uh . . . that was on December 21st and it was in the early afternoon.
After argument outside the presence of the jury, this bill of exceptions was taken to the trial court’s refusal to sustain defendant’s objection to this line of questioning. The District Attorney then went into the details of the earlier December 21 “buy”.
This Court’s recent extension of the Prieur guidelines to rebuttal and cross-examination by the State by a closely divided court is pertinent here. State v. Ghoram, 290 So.2d 850 (La.1974). However, in that case, defense counsel did not, as here, open the door by introducing evidence of prior offenses. Here, defense counsel chose to lay the fact of previous “buys” from his client before the jury. The questions thereafter propounded by the prosecution in this regard were only intended to explain what had been brought to the attention of the jury by defense counsel and did not further prejudice the defendant.
This Court has held that if a State’s witness was cross-examined in regard to a crime other than that charged and about which witness had not testified on direct examination, it was proper for the State to reexamine witness so far as necessary for a proper explanation of testimony given on cross-examination regarding the other crime. State v. Hutchinson, 159 La. 127, 105 So. 249 (1925). See also State v. Head, 136 La. 649, 67 So. 539 (1915).
Therefore, this bill is without merit.

Bill 3

This bill taken to the introduction of a receipt showing the transfers of the *207 heroin within the police department has not been briefed by defendant. It is, thus, considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
For the reasons assigned, the conviction and sentence are affirmed.