LINDSAY, Judge.
The defendant, Henry Shepard, was indicted by a DeSoto Parish grand jury for the crime of second degree murder, LSA-R.S. 14:30.1. After trial by jury, the defendant was found guilty as charged. The trial court sentenced the defendant to life imprisonment without benefit of parole, probation or suspension of sentence.
On appeal, the defendant contends that the trial court erred in ruling that defense counsel could not ask questions during voir dire examination pertaining to the offense of manslaughter and erred in restricting defense counsel’s opening statement with regard to the offense of manslaughter. Additionally, the defendant contends that the evidence adduced did not support a finding of second degree murder but rather supported the lesser included offense of manslaughter. Finding merit to defendant’s first assignment of error, we reverse defendant’s conviction, vacate his sentence, and remand the case to the trial court for a new trial.
On the afternoon of May 14, 1983 the defendant shot and killed Brenda Belton Dias with a .410 shotgun. After the shooting, the defendant voluntarily surrendered to the DeSoto Parish Sheriff’s Department and gave a statement confessing his involvement in the shooting. Mrs. Dias was married to another man; however, the defendant stated that at that time he and Mrs. Dias were romantically involved with each other. Mrs. Dias and other persons were at the defendant’s residence on the day of the shooting. According to the defendant’s testimony, Mrs. Dias would not discuss problems they were having. As Mrs. Dias prepared to leave the defendant testified that his mind went blank and he described himself as going “crazy.”
After Mrs. Dias got into her car, the defendant came out of the house carrying the .410 shotgun. The defendant went around to the driver’s side of the car and told Mrs. Dias that he was going to kill her. The defendant first shot Mrs. Dias in the head. After Mrs. Dias slumped over in the seat of the car, the defendant reloaded the gun, and then shot Mrs. Dias again in the left side of the abdomen just below the rib cage. .
At trial, the defendant admitted shooting Mrs. Dias. The defendant contended that the shooting was a result of anger or “heat *596 of passion.” Thus, the defendant maintained that he was not guilty of second degree murder, but guilty of the lesser included offense of manslaughter. The jury found the defendant guilty as charged of second degree murder.
In the defendant’s first assignment of error, he contends that the trial court improperly curtailed his voir dire examination in that he was not allowed to question prospective jurors concerning the responsive verdict of manslaughter.
During voir dire examination, defense counsel read the definition of manslaughter to the first juror tendered for examination. Defense counsel questioned the juror concerning his feelings towards the offense of manslaughter. The juror expressed to defense counsel a reluctance in agreeing with the legal concept of manslaughter whereby, a homicide is reduced from murder if committed in “sudden passion or heat of blood”. The juror was peremptorily challenged by the defendant.
After the first juror was excused, the State asked that the jury be removed from the courtroom. After the prospective jurors were retired from the courtroom the following discussion took place:
THE COURT: In the matter of State v. Henry Shepard during the progress of the voir dire examination the State has indicated that it desired to interpose an objection, which the Court will entertain at this time.
MR. LAWSON: Yes, sir, Your Honor, the State objects to any questions by the defense which indicate that the State has the burden of negating the crime of manslaughter and proving the crime of second degree murder, and objects to any questions on voir dire of that nature concerning manslaughter.
THE COURT: Would you care to be heard, Mr. Thomas.
MR. THOMAS: Your Honor, I believe that the elements of the offense of the crime of manslaughter are as set forth in such cases as we have found, such as the case of State v. Thompkins [Tompkins], 403 So.2d 644 [La.1981], and I feel after remand 429 So.2d 1385 [La.1982] those elements are actually mitigating factors which introduced the grade of homicide. Mr. Shepard is charged with second degree murder, and I think that I should be able to ask anything on voir dire about manslaughter that I desire to ask. I think it is the State’s burden of proof to negate those mitigating factors, sudden passion and heat of blood. I think that I should be able to delve into that on voir dire and I think that I should be able to question the prospective jurors about their feelings about manslaughter in any shape, form, or fashion that I desire.
THE COURT: Let the record reflect that the objection by the State is sustained at this time, and the ruling of the Court is that the defendant will not be permitted on voir dire examination to interrogate the prospective jurors on the offense of manslaughter as he has suggested in the arguments that he feels that he is entitled to.
MR. THOMAS: Am I to understand, so that I may be real clear on that, Your Honor, I cannot ask any prospective jurors any questions about manslaughter?
THE COURT: Yes, sir.
MR. THOMAS: To that ruling, Your Honor, I object.
In Louisiana, a defendant is guaranteed the right to a voir dire examination under our constitution. La.Const. Art. I Sec. 17 (1974) is a constitutional provision which guarantees the right to a “full voir dire examination of prospective jurors.” The provision’s purpose was to stop, in the state courts, a perceived trend in the federal courts in which defendants’ traditional latitude in this regard have been circumscribed. See Hargrave, Louisiana Constitutional Law, 43 La.L.Rev. 505, 510 (1982); and Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, La.L.Rev. 157 (1974). Whether a particular question is essential to a full voir dire examination is within the sound discretion of the trial court. LSA-C.Cr.P. Art. 786; State v. Parker, 416 So.2d 545 (La.1982). However, because the right to a full voir *597 dire examination has a constitutional basis, the trial court is required to temper the exercise of any limitation on the scope of any voir dire examination by giving wide latitude to the defendant in his examination of prospective jurors in order to allow the defendant the opportunity to test prospective jurors’ competence and impartiality. State v. James, 431 So.2d 399 (La.1983); State v. Frith, 412 So.2d 1000 (La.1982); State v. Pettaway, 450 So.2d 1345 (La.App. 2d Cir.1984). When a question arises whether voir dire examination has been unduly restricted, the disallowance of a proper question is not automatically revers-able. In evaluating the fairness of the ruling, the entire examination must be considered. State v. Robinson, 404 So.2d 907 (La.1981); State v. Pettaway, supra.
In the present case, the State objected to questions by defense counsel which indicated that the State has the burden of negating the crime of manslaughter in its proof of the crime of second degree murder.
The presence of passion or provocation is not an essential element of the crime of second degree murder, rather it is a mitigating factor in the nature of a defense. State v. Temple, 394 So.2d 259 (La.1981). The trial court was correct in ruling that defense counsel could not indicate to the jurors that the State had the burden negating the crime of manslaughter. However, the trial court’s ruling did not stop at that point. Defense counsel specifically asked the court if it was the Court’s ruling that he could not ask any prospective jurors any questions about manslaughter. The trial court answered in the affirmative.
Under LSA-C.Cr.P. Art. 814, manslaughter is a responsive verdict to a charge of second degree murder. Defendant contended at trial that his actions were a result of heat of passion and thus, he was only guilty of the crime of manslaughter. Consequently whether or not the mitigating factors found in the crime of manslaughter existed was a crucial determination for the jurors.
An important purpose of voir dire examination is to afford counsel a basis for challenges for cause and to secure information for the intelligent exercise of peremptory challenges. State v. Drew, 360 So.2d 500 (La.1978). As the Louisiana Supreme court long ago stated in State v. Hills, 241 La. 345, 129 So.2d 12 (1961):
[T]he scope of inquiry is best governed by a liberal discretion on the part of the court so that if there is any likelihood that some prejudice is in the juror’s mind which will even subconsciously effect his decision, this may be uncovered. It is by examination into the attitude and inclinations of jurors before they are sworn to try a case that litigants are able to reject those persons, by use of peremptory challenges where necessary, who are deemed to be unlikely to approach a decision in a detached and objective manner.
When the trial court ruled that defense counsel could not question jurors concerning the law of manslaughter, the trial court closed any inquiry by defense counsel into the attitudes and inclinations of the jurors to the crime of manslaughter. Therefore, the issue presented for review is whether the ruling of the trial court so prejudiced the defendant’s voir dire examination that defendant was denied his right to a fair trial by jury.
In the present case, the prospective jurors attitudes toward the crime of manslaughter were vital to the defendant’s defense. In fact, the first juror examined expressed reluctance in accepting the legal concepts included in the definition of manslaughter. After ruling that defense counsel could not question prospective jurors on the crime of manslaughter, the court stated to the prospective jurors:
THE COURT: The attorneys are questioning you on voir dire examination touching on your qualifications to serve as jurors in this particular case. Now, we wanted to be sure that you understood this defendant is charged with having committed second degree murder by violating the provisions of R.S. 14:30.1. In the trial of this matter the burden is *598 on the State of Louisiana to introduce sufficient evidence to prove the guilt of the defendant beyond a reasonable doubt before he can be found guilty of the offense with which he is charged, namely, second degree murder. Now, when this case is concluded, all the evidence is finished, and you have heard the arguments of counsel, and the court has charged you as to the law in this particular case, the case will go to you for your decision, and your decision is called a verdict. In order for your verdict, your decision, to be legal it must be a decision that is responsive, a correct answer, a responsive answer to the charge. Louisiana Code of Criminal Procedure, Article 814, sets forth what is called responsive verdicts to various criminal offenses, and insofar as the one that we are concerned with here it reads: The only responsive verdicts (that is answers) which may be rendered once the indictment charges the following offenses are: second degree murder. The possible verdicts would be, guilty of second degree murder, guilty of manslaughter, not guilty. One of those answers would be a verdict and would be responsive and would be legal. All right, Mr. Lawson, you may proceed.
An examination of the entire voir dire reflects that defense counsel adhered to the trial court’s ruling. The trial court cannot cure a prejudicial curtailment of voir dire examination by extracting from the jurors a commitment that they will follow the law as given. State v. Frith, supra; State v. Hayes, 364 So.2d 923 (La.1978). In State v. Hawkins, 376 So.2d 943 (La.1979) our Supreme Court stated:
We have previously rejected the contention that restrictions on voir dire examination concerning the presumption of innocence were cured by a general instruction that the jurors follow the law as given to them by the court. State v. Monroe, 329 So.2d 193 (La.1975). Therefore, the judge’s explanation of the law to the jurors and their answer under oath to accept and apply it satisfies only a part of the inquiry. The other part is whether or not the juror really understood the legal principle involved. Counsel should have had the opportunity to assure himself the juror did understand the vital legal principle at issue here.
In State v. Monroe, 329 So.2d 193 (La.1975), cited in State v. Hawkins, supra, a case involving voir dire examination of jurors relative to the law on presumption of innocence, the Louisiana Supreme Court stated:
[I]n Louisiana the accused’s intelligent exercise of his substantial right to exercise peremptory challenges or challenges for cause cannot be curtailed by the exclusion of non-repetitious voir dire questioning reasonably exploring potential misunderstandings of law, predispositions, or prejudices of prospective jurors relevant to the issue of the case in which they will serve.
We therefore hold that, since the present accused was denied his exercise of this basic trial right, his conviction must be reversed and the matter remanded for a trial in accordance with law.
This trial was held prior to the adoption of the 1974 constitution. Nevertheless, the importance of the traditional rights here asserted is emphasized by their explicit recognition by the Louisiana Constitution of 1974, Article I Section 17: “... the accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily....” (Emphasis supplied)
In the present case, the legal principles involving the crime of manslaughter were vital to the defendant’s defense. By excluding all questions concerning the crime of manslaughter, the trial court denied defense counsel the opportunity to determine the attitudes and inclinations of the jurors concerning the legal principle and denied counsel the opportunity to assure himself that the prospective jurors did understand the vital legal principle at issue in his defense. Consequently, defense counsel was denied" the opportunity to intelligently exercise his right to challenge prospective jurors for cause or peremptorily. *599 The trial court’s prejudicial curtailment of voir dire examination tainted the defendant’s constitutional right to a trial by jury.
The State has cited several cases, in brief, which are readily distinguishable both on the facts and the law. The State cites State v. Schoonover, 252 La. 311, 211 So.2d 273 (1968) for the proposition that lengthy statements of particular phases of law should not be expounded to the jurors on voir dire. However, in the present case, defense counsel did not engage in lengthy statements of the crime of manslaughter during voir dire. The State cites State v. Richey, 258 La. 1094, 249 So.2d 143 (1971) and State v. Corbin, 285 So.2d 234 (La.1973) for the proposition that hypothetical questions and questions which call for prejudgment of any supposed set of facts are not permissible on voir dire. However, in the present case, the trial court’s ruling excluded all questions concerning manslaughter, not just hypothetical questions. Clearly, counsel may not ask prospective jurors to commit their votes in advance on a hypothetical set of facts. Nevertheless, it is clear that the trial court’s ruling excluded more than just hypothetical questions. And finally, the State cites the case of State v. Nix, 327 So.2d 301, 325 (La.1975) for the proposition that the trial court has the discretion to disallow questions which are irrelevant, inflammatory or misleading to the prospective jurors. However, in the present case, questions concerning the crime of manslaughter are clearly relevant. Defense counsel’s questions to the first juror did not appear to be inflammatory. Defense counsel’s contention that the State must negate the crime of manslaughter was misleading to prospective jurors. Therefore, the trial court correctly excluded questions which inferred that the State had the burden of negating the crime of manslaughter. However, the trial court extended its ruling to exclude all questions concerning the crime of manslaughter.
We reiterate that this case does not present a situation where a trial judge has sought to curtail a lengthy dissertation on points of law or to eliminate hypothetical questions calling for prejudgment of a supposed set of facts, nor are we dealing with a situation where the trial court has sought to limit questioning which is irrelevant or otherwise improper. Here, we deal with a situation in which defense counsel was prohibited from asking any questions relative to the law upon which the defendant based his defense. This ruling improperly restricted the defendant’s constitutional right to a full voir dire examination of the prospective jurors.
Having determined that the trial court improperly curtailed defense counsel’s voir dire examination and finding no merit to the State’s argument in brief, we find that the defendant’s conviction must be reversed. Finding merit to defendant’s first assignment of error we pretermit discussion of the defendant’s remaining two assignments of error. The defendant’s conviction for second degree murder is reversed, the defendant’s sentence is vacated, and this case is remanded to the trial court for a new trial consistent with the views expressed herein.
REVERSED AND REMANDED.