486 So.2d 1139 (1986)
STATE of Louisiana, Appellee,
v.
Joe Nathan GRAHAM, Appellant.
No. 17711-KA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
Rehearing Denied April 30, 1986.
*1141 Indigent Defender Office by James H. Carter, Jr. and Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Richard L. Carney and Randall K. Colvin, Asst. Dist. Attys., Shreveport, for appellee.
Before FRED W. JONES, Jr., SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Joe Nathan Graham, appeals his conviction for simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. We affirm the defendant's conviction.

FACTS
The charge against the defendant arose from a burglary of the home of Mr. and Mrs. Ted Bounds, Sr. of Keithville, Louisiana. On December 8, 1984 the Bounds returned to their home around noon following a shopping trip to Shreveport. The home had been burglarized and several items were missing including three television sets, several guns, two portable telephones, and a microwave oven. The house was processed for fingerprints but no matches were made.
During their investigation, Caddo Sheriff's Deputies questioned Melvin Williams who indicated the defendant sold a television to Jerry Anthony. Anthony was killed in an auto accident on December 11, 1984. However, on December 13, 1984 Anthony's mother was contacted and a television set was recovered from Anthony's effects. The television set was determined to have been taken from the Bounds' residence. It was determined that Anthony obtained the television set from the defendant. The defendant was subsequently arrested and gave a recorded confession. The other items taken in the burglary were not recovered.
Prior to trial, a motion to suppress evidence was filed by the defendant in which he sought to suppress his inculpatory statement. Following an evidentiary hearing on the motion, the trial court ruled that the defendant's confession had been properly obtained, had been given freely and voluntarily and was properly admissible in evidence at the trial on the merits. Subsequently, defendant was tried by jury and convicted of simple burglary of an inhabited dwelling. Defendant appealed his conviction urging twenty-two assignments of error. However, only eight assignments of error have been briefed or argued to this court. Those assignments not briefed or argued are considered abandoned. State v. Domingue, 298 So.2d 723 (La.1974); State v. Williams, 338 So.2d 672 (La.1976).

SCOPE OF VOIR DIRE
The defendant argues the trial court erred in not allowing the defense to question prospective jurors regarding their views, attitudes and approach in evaluating whether a statement was made freely and voluntarily, whether they could apply the law regarding free and voluntary statements, and whether they would disregard a statement that was not made freely and voluntarily. The state objected to the defense's line of questioning arguing it required jurors to commit themselves to a question of law or fact. The trial court sustained the objection, instructing defense counsel to pose general questions to the prospective jurors regarding their ability to accept the law applicable to inculpatory *1142 statements and the free and voluntary nature thereof. On appeal, the defendant contends the trial court committed reversible error in limiting the scope of his voir dire examination. We find this argument to be without merit.
The analysis used in determining whether the trial court erred in restricting a defendant's scope of examination on voir dire was stated by this court in State v. Pettaway, 450 So.2d 1345 (La.App. 2d Cir. 1984), writ denied 456 So.2d 171 (La.1984):
An accused has the right of a full voir dire examination of prospective jurors. Louisiana Const.1974, Art. 1 § 17. Because this right has a constitutional basis, wide latitude should be given the defendant to test prospective jurors' competence and impartiality. State v. James, 431 So.2d 399 (La.1983). Whether a particular question is essential to a full voir dire is within the discretion of the trial judge whose rulings will only be disturbed upon a clear abuse of that discretion. State v. Parker, 416 So.2d 545 (La.1982). See also La.C.Cr.P. Art. 786. When the question arises whether voir dire examination has been unduly restricted, the disallowance of a proper question is not automatically reversible. In evaluating the fairness of the ruling, the entire examination must be considered. State v. Robinson, 404 So.2d 907 (La.1981).
The purpose of voir dire examination of prospective jurors is to determine their competence and impartiality, and to afford counsel a basis to make challenges for cause and to secure information for the intelligent exercise of peremptory challenges. A defendant will not be allowed to attempt to elicit from a juror in advance his opinion concerning the weight of certain evidence that might be introduced at trial or to argue his case. State v. Richey, 258 La.1094, 249 So.2d 143 (1971); State v. Corbin, 285 So.2d 234 (La.1973); State v. Drew, 360 So.2d 500 (La.1978); State v. Robinson, 404 So.2d 907 (La.1981); State v. James, 431 So.2d 399 (La.1983), writ denied, 464 U.S. 1005, 104 S.Ct. 520, 78 L.Ed.2d 705 (1983).
After reviewing the entire record of voir dire examination in this case it is clear the trial court did not err in restricting the defendant's scope of questioning. The defendant was afforded an opportunity to fully inquire into the ability of prospective jurors to apply the law regarding inculpatory statements and the free and voluntary nature thereof. Defendant was afforded the opportunity to utilize voir dire for its intended purpose of evaluating the competency and impartiality of prospective jurors and to obtain sufficient information to make a decision on the use of peremptory challenges and challenges for cause. The trial court correctly prevented defense counsel from attempting to elicit from jurors before the introduction of evidence the weight they would afford an inculpatory statement by the defendant and from attempting to argue or imply during voir dire that the statement was not freely or voluntarily made.
The facts in this case are distinguishable from those presented to this court in State v. Shepard, 468 So.2d 594 (La.App. 2d Cir. 1985). In Shepard, the defendant was charged with second degree murder. Defendant maintained the crime was committed during the "heat of passion" and therefore he was guilty of a lesser charge of manslaughter. On voir dire, defense counsel was totally prevented from questioning prospective jurors regarding the crime of manslaughter. We held the trial court erred in this ruling which denied defendant his right to determine the attitudes and inclinations of prospective jurors on the law regarding manslaughter and whether they understood the legal principles vital to his defense. Defendant was thereby prevented from intelligently exercising his right to challenge prospective jurors for cause or peremptorily. This prejudicial curtailment of voir dire examination in Shepard tainted the defendant's constitutional right to a trial by jury.
In the present case the trial court afforded defense counsel sufficient latitude to *1143 inform prospective jurors of the law on accepting confessions and to inquire as to whether they could apply that law. This was sufficient for defense counsel to evaluate the competency and impartiality of the prospective jurors and to intelligently exercise the right to peremptory challenges and challenges for cause.

HEARSAY OBJECTION AND LACK OF FOUNDATION
During the trial, the state questioned one of the deputies who investigated the burglary and ultimately arrested the defendant. The state inquired whether the deputy ever heard the name of Jerry Anthony, the recipient of the stolen television set, and from whom he heard the name. The defense made an objection based on hearsay and the trial court overruled the objection. Defense counsel then argued that the state was attempting to get information from defendant's recorded statement before the jury without first laying a foundation as to the free and voluntary nature of the statement. That objection was also overruled by the trial court and on appeal defendant asserts the trial court erred in overruling these objections. Defendant's contention is meritless.
Hearsay evidence is in-court testimony, or written evidence, of an out-of-court statement offered to show the truth of the matter asserted therein and resting for its value on the credibility of an out-of-court asserter. It is excluded based upon unreliability and the potential unfairness to the accused to permit introduction of statements which cannot be tested by cross examining the out-of-court declarant. State v. Bazile, 386 So.2d 349 (La.1980).
However, when a law enforcement officer testifies concerning events leading to the arrest of a defendant, statements made to him by others during the course of the investigation are not hearsay, because they are not offered for the truth of the matter asserted but merely to explain events leading up to the arrest of the defendant. State v. Bazile, supra; State v. Turner, 392 So.2d 436 (La.1980); State v. Tucker, 405 So.2d 506 (La.1981); State v. Jackson, 452 So.2d 1225 (La.App.2d Cir. 1984).
In this case, the testimony was offered by the state to explain how the stolen property was recovered and the defendant's connection with it. The content of the declarant's out-of-court statement to the officer was not elicited by the state. Therefore, the question objected to by defense counsel did not call for inadmissible hearsay, and the trial court was correct in overruling defendant's objection.
Defense counsel then objected to the same question by the state on the ground that it was an attempt to put portions of defendant's confession before the jury without first showing the statement was made freely and voluntarily. This objection was correctly overruled.
The state has the burden of proving a confession or statement was given freely and voluntarily. LSA-R.S. 15:451. The confession by the defendant was ruled admissible by the trial court following a hearing on a motion to suppress evidence. Such rulings by the trial court are not to be disturbed unless they are not supported by the evidence. State v. Burkhalter, 428 So.2d 449 (La.1983); State v. Williams, 420 So.2d 1116 (La.1982); State v. Jackson, 414 So.2d 310 (La.1982); State v. Gaskin, 412 So.2d 1007 (La.1982). The record supports the trial court finding that the statement was freely and voluntarily given and was therefore admissible.
At the trial the state was required to present the circumstances surrounding the making of the confession in order that the jury could determine the weight the statement should be given. LSA-C.Cr.P. Art. 703(G). This record indicates the state was attempting to comply with this provision of law, as well as show the circumstances surrounding defendant's arrest, at the time the objection was made. The trial court was correct in overruling defendant's objection.

*1144 OTHER CRIMES TESTIMONY
During cross examination of Deputy Bart Wood, defense counsel inquired as to exactly when defendant was picked up and taken to the station. After extensive questioning by defense counsel during which other investigations were alluded to, the deputy stated that several days prior to the date of his arrest, the defendant was picked up and driven around with the deputies because they wanted to question him regarding another crime. At that time defense counsel moved for a mistrial which was denied by the trial court. The trial court ruled that defense counsel opened the area of other crimes evidence. The state was then allowed to inquire regarding the other crimes. The defense made another objection which was overruled. Defendant argued on appeal the trial court erred in its rulings. We find this argument to be meritless.
LSA-C.Cr.P. Art. 770 provides that upon the motion of defendant, a mistrial shall be granted when certain types of prejudicial remarks including references to other crimes committed or alleged to have been committed by the defendant are made within the hearing of the jury by the judge, district attorney or a court official. However, a law enforcement official called as a witness is not a court official, therefore LSA-C.Cr.P. Art. 770 does not apply. State v. Pettaway, supra; State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, ___ U.S.___, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985); State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, ___ U.S. ___, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
Prejudicial comments not covered by LSA-C.Cr.P. Art. 770 may be dealt with either by admonition or by mistrial, however a mistrial is a drastic remedy to be used only when an admonition will not cure the prejudicial effect to the defendant. State v. James, 431 So.2d 1075 (La.App.2d Cir.1983), writ denied 439 So.2d 1076 (La. 1983); LSA-C.Cr.P. Art. 771, 775.
In this case information given by the deputy regarding other crimes in which defendant was involved was responsive to extensive questioning by defense counsel regarding the voluntariness of defendant's confession. This is distinguishable from other cases in which a law enforcement witness volunteered information in an unresponsive answer. In such instances the usual remedy is an admonition by the trial court when requested. In the present case defense counsel did not request an admonition. In fact the jury was removed and both counsel held a lengthy conference with the court in which defense counsel was made aware that a continuation of this line of questioning would require the witness to discuss other crimes. Aware of this fact, defense counsel chose to continue the questioning. After defense counsel elicited from the witness other crimes testimony he then moved for a mistrial. Under these circumstances the denial by the trial court of defendant's motion for a mistrial was proper.
In addition, allowing the state to question the witness regarding other crimes brought out on cross-examination by the defense was proper. LSA-R.S. 15:281, dealing with the scope of re-direct examination, provides:
The redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity be not denied to recross on the new matter brought out on redirect.
It was held in State v. Hutchinson, 159 La.127, 105 So. 249 (1925) that if defendant's counsel cross-examined a state witness with regard to another crime than that charged in the indictment about which the witness was not examined by the district attorney, the latter may then re-examine the witness on the subject as far as is necessary for a proper explanation of the testimony given on the cross-examination regarding the other crime.
This assignment of error is without merit.

*1145 EVIDENCE REGARDING DEFENDANT'S PSYCHOLOGICAL CONDITION
The defendant also objects to the trial court's denial of introduction of testimony regarding the defendant's psychological condition prior to and during the time he gave a recorded confession regarding this burglary. The defense sought to show that because of defendant's psychological condition, his statement was not made freely and voluntarily. Defense counsel called defendant's brother, Sherman Graham, as a witness to testify concerning the defendant's emotional and psychological condition. The state objected and the trial court ruled the witness could not testify as to psychological treatment received by defendant because it would be hearsay and because the witness was not in a position to know whether defendant was receiving psychological treatment. This ruling by the trial court was correct.
LSA-C.Cr.P. Art. 703(G) requires the state to show circumstances surrounding the making of a statement so that the jury can determine the weight to be given a statement. Under this article the defense sought to show that defendant's psychological problems at the time he made his confession vitiated the freeness and voluntariness of the statement. However, defense counsel did not choose the proper manner to present such evidence. Defendant's brother had no first hand knowledge regarding defendant's psychological condition or the treatment he was receiving, and defense counsel did not seek to elicit lay testimony from the witness about the witness's own observations of the defendant's condition. The ruling of the trial court was correct.
This assignment of error has no merit.

CONCLUSION
For the above stated reasons, we find no error in the rulings of the trial court and, accordingly, we affirm the defendant's conviction.
AFFIRMED.