415 So.2d 182 (1982)
STATE of Louisiana
v.
Melvin TRIBBET.
No. 81-KA-0233.
Supreme Court of Louisiana.
April 5, 1982.
Rehearing Denied July 2, 1982.
*183 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Clarence McManus, Abbott J. Reeves and William "Chuck" Credo, III, Asst. Dist. Attys., for plaintiff-appellee.
Robert T. Garrity, New Orleans, Joseph L. Montgomery, Metairie, Staff Appeals Counsel, 24th Judicial District Indigent Defender Board, for defendant-appellant.
BLANCHE, Justice.
Defendant, Melvin Tribbet, was convicted of armed robbery, a violation of R.S. 14:64, and was sentenced to serve 18 years at hard labor. Defendant appeals his conviction and sentence, raising six assignments of error, two of which have been abandoned. We find that the remaining assignments of error have no merit and affirm defendant's conviction and sentence.
The defendant entered the lobby of the Scottish Inn Motel, approached the front desk, pulled a gun, and ordered the clerk on duty to empty the hotel's cash register. As she complied with his command, the defendant walked to the end of the front desk and through the doorway which led to the clerk's area, as well as to the hotel's office. At this point, the robber stumbled upon the manager on duty, who was seated in the hotel office. After obtaining the cash contained in the hotel's cash register from the desk clerk, the armed attacker ordered the hotel manager, under the threat of death, to open the hotel safe and turn over its contents. Upon receiving several hundred dollars, the defendant attempted to lock his victims in the hotel office and fled the scene. As soon as the hotel employees were positive that their attacker was no longer present, they summoned the police.
Though the victims were able to furnish a description of the robber, neither was able to pick out their attacker at a photographic lineup held five days after the robbery. However, at a second photographic lineup conducted a month after the holdup, both the clerk and the manager were successful in singling out the holdup man. Both positively identified Melvin Tribbet as the perpetrator. Tribbet was a former part-time employee at the Scottish Inn who had previously been arrested by the police for a burglary which occurred at the motel the week before this robbery occurred. A warrant was issued for his arrest and he was subsequently apprehended.
Defendant's conviction was based solely upon the testimony of the two motel employees as well as their abilities to make a *184 positive in-court identification of defendant as their assailant. The trial judge sentenced Tribbet to 18 years at hard labor, the sentence to run concurrently with his conviction for the burglary at the motel which preceded this robbery.

Assignment of Error Number 2
Tribbet contends that during the trial, Officer John Ledet, while testifying, alluded to other crimes committed by defendant. This assertion is based upon the following dialogue, which transpired between the state's witness and defense counsel:
Q. Did you make a arrest of Mr. Tribbet?
A. The only time I ever arrested Mr. Tribbet
Q. I am talking about did you arrest Mr. Tribbet in connection with this particular crime?
A. No, sir.
Q. Do you know whether if he was ever arrested?
A. Arrested other than this crime?
THE COURT: Gentlemen, we are talking about now at this particular time.
MR. DIVENS: I have a motion.
THE COURT: Make a motion.
MR. DIVENS: I would have to make it outside the presence of the jury.
THE COURT: All right, ladies and gentlement of the jury if you all would step back into the jury room at this time we have a motion.
(JURY RECESSED)
THE COURT: All right, let the record reflect the jury has been removed from the courtroom. All doors have been closed.
MR. DIVENS: Your Honor, at this time I would move for a mistrial on the grounds of this witness had made mention of other crimes that this defendant may have been involved in ...
By this assignment of error, defendant challenges the trial judge's refusal to grant his motion for a mistrial, as well as the trial judge's failure to admonish the jury after Officer Ledet referred to other crimes allegedly committed by defendant. In this connection, defendant relies upon C.Cr.P. art. 771, which provides:
Art. 771. Admonition
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial. (emphasis added)
This Court has previously held that the state cannot be charged with testimony elicited by defense counsel implying that defendant had previously committed other crimes and that defendant cannot claim reversible error on the basis of that evidence which he elicited. State v. Kimble, 375 So.2d 924 (La.1979). In the instant case, the officer was asked if he had made an arrest of defendant. Not realizing the question referred to the present charge, the officer's response conceivably implied that he had previously arrested Tribbett on another charge. We say "conceivably" because, without further questioning by counsel, the full import of the witness' answer could not have been discerned as he did not complete his answer. It was not until counsel elicited from the officer that he was not involved in the defendant's arrest for this particular crime that the jury could have surmised that the officer had arrested defendant *185 for an unknown crime on another occasion. Nevertheless, we do not regard the witness' answer as a deliberate attempt to expose to the jury defendant's arrest for another crime. This was brought out when counsel further persisted by asking the officer if he knew whether defendant had ever been arrested. To this, the witness again answered with a reply which indicated that the witness was merely attempting to determine the occasion to which counsel referred. He had just answered that he had not arrested defendant for the present crime and, it seems to us, defense counsel should have been satisfied with that answer. In any event, we give counsel more credit for the so-called "other crimes" reference than we do the witness.
As for the trial judge's failure to admonish the jury after the officer's statement, it is evident that C.Cr.P. art. 771 mandates a request for an admonishment. As a result, the judge's failure to instruct the jury to disregard the allegedly prejudicial reply, absent a request, was not, in itself, reversible error. State v. Williams, 375 So.2d 364 (La.1979); State v. Lee, 340 So.2d 180 (La.1976). Further, a review of the testimony reveals that the officer's statement was nothing more than an obscure reference to other crimes and was made without explanation or elaboration. An admonition by the trial judge in the present case would have brought the other crimes issue to the jury's attention. Considering the innocuous nature of the officer's answers, it is our opinion that the trial judge, by not instructing the jury, probably followed a better course of action. In any event, the defendant was not prejudiced by the officer's statement. Accordingly, this assignment of error lacks merit.

Assignment of Error Number 4
During the course of the trial the testimony established that the victims of the armed robbery were shown two separate photographic lineups which included photographs of defendant.
The first set consisted of seven photographs. At this initial showing, approximately five days after the incident, the victims were unable to identify the defendant. One month later the victims were shown a second photo lineup, and positively identified the defendant as their assailant. At trial, the state introduced the second set of identification pictures, but did not introduce the first set.
Defendant submits that the state's failure to produce the first set of identification photos was prejudicial to his defense because the jury was deprived of the opportunity to determine if there were other persons with similar characteristics as the accused.
Initially, it ought to be noted that the testimony established that the second photographic lineup, which consisted of the ten pictures admitted in evidence, included all seven photographs used at the initial lineup.
Further, the admissibility of the second lineup depended solely upon whether it was so unduly suggestive and conducive to mistaken identification as to deny due process. State v. Gray, 351 So.2d 448 (La. 1977). In the present case, the record is completely void of any evidence which would support defendant's allegation that the lineups may have been conducted in a suggestive manner. Both victims of the robbery unequivocally stated that the investigating officers never suggested in any way which photograph portrayed their assailant. These motel employees viewed the photographs outside the presence of the officers and were afforded the opportunity to make an independent study as well as an individual selection. The failure of these witnesses to single out Tribbet as the holdup man at the initial photographic lineup was admitted at trial by the state witnesses, and thoroughly exploited by defense counsel, who was able to focus the jury's attention on this matter.
Accordingly, this assignment of error lacks merit.

Assignment of Error Number 5
In an attempt to question the accuracy of the state's witnesses' identification of him *186 as the holdup man, defendant called his sister, Beverly Wilson, to testify in his behalf. Ms. Wilson was an employee at the Scottish Inn and was working on the day of the robbery.
The two other motel employees claimed that they were the only individuals present when the holdup occurred. Contrary to this testimony, Ms. Wilson stated that she had just completed her work shift and was approaching the time clock next to the front desk when she witnessed the robbery. Though she admitted that she did not actually see the holdup man's face, she testified that she was positive he was not her brother. According to Ms. Wilson, the assailant was the same individual she observed enter the motel a few minutes earlier. Further, her description of the assailant differed significantly from that given by the other motel employees.
In an attempt to lessen or destroy this witness's credibility, the state was able to establish that Ms. Wilson's trial statement was the first occasion on which she had come forward with her information. The state then entered a line of questioning which established that Ms. Wilson had pleaded guilty to a theft charge. After defense counsel attempted to rehabilitate his witness, the state requested, before the jury, that Ms. Wilson's testimony be impeached on the basis of her dishonesty. To this request, the trial judge responded:
This is a matter for the weight for the jury to determine what her testimony is concerned with. We have been given some information already to the jury concerning what they can believe, what they can't believe, what weight they are to give and I believe that is part of the job of the triers of the facts. I overrule your motion, sir. It is up to the jury to determine whether that is impeached or not.
Defendant then moved for a mistrial, which was denied by the trial court. By this assignment of error defendant takes exception to the lower court's adverse ruling, and contends that the prosecutor's request was highly prejudicial. In this connection, Tribbet relies upon C.Cr.P. art. 770, which provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
A mistrial is a drastic remedy and, except in instances in which it is mandatory, is only warranted if substantial prejudice results which would deprive defendant of a fair trial. State v. Sepulvado, 367 So.2d 762 (La.1979). The determination of unnecessary prejudice lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. State v. Douglas, 389 So.2d 1263 (La.1980).
In the instant case, the prosecutor's remark did not fall within any of the specific grounds for a mistrial enumerated in C.Cr.P. art. 770, nor did the statement amount to prejudicial conduct that would make it impossible for defendant to obtain a fair trial. See C.Cr.P. art. 775. Further, the trial judge, in denying the state's request to impeach the witness, corrected any possibility of prejudice by clearly informing the jury that their duty, as the triers of fact, was to determine the weight to be *187 given to the witness' testimony. Accordingly, this assignment of error is without merit.

Assignment of Error Number 6
After being found guilty by the jury, defendant was sentenced by the trial judge to serve 18 years at hard labor. By this assignment of error, Tribbet urges that the sentence imposed was excessive and that the trial judge failed to articulate his reasons for imposing sentence as required by C.Cr.P. art. 894.1.
In the instant case, the trial judge failed to provide any factual basis for the length of the sentence imposed and did not consider the possible existence of statutory mitigating factors. Even so, this Court, when confronted with the identical situation, has held that a sentence which is not apparently severe should not be set aside as excessive in the absence of a clear abuse of the wide discretion accorded a trial judge in the imposition of sentences. State v. Jones, 381 So.2d 416 (La.1980). Based on the facts of this case, we conclude that Tribbet's 18 year sentence out of a possible 99 years is not apparently severe and was within the trial court's discretion. This assignment of error lacks merit.
Accordingly, the conviction and sentence of defendant are affirmed.
AFFIRMED.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur.
This case is not identical to State v. Jones, 381 So.2d 416 (La.1980), because the sentence imposed here is three years longer. However, the defendant in this case also committed a burglary of the same hotel one week before the armed robbery. For this reason, the non-parolable eighteen year sentence at hard labor does not appear to be excessive.