474 So.2d 556 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Shannon K. FUSELIER, Defendant-Appellant.
No. CR85-161.
Court of Appeal of Louisiana, Third Circuit.
August 22, 1985.
*557 Cynthia C. Guillory, Lake Charles, for defendant-appellant.
Richard P. Ieyoub, Dist. Atty., Lake Charles, for plaintiff-appellee.
Before STOKER, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
The defendant, Shannon K. Fuselier, was convicted by a jury of purse snatching, and sentenced to three years in the parish jail. He appeals the conviction raising two assignments of error. We find no merit to either assignment and we affirm.
On July 24, 1984, two men on a motorcycle drove slowly by Laura St. George, who was walking between the parking lot and the entrance to K-Mart in Lake Charles. The passenger grabbed St. George's purse, and the motorcycle sped away. The two men were spotted a half hour later parked in a vacant lot, examining their loot. The purse was partly concealed under a tree. One of the men was holding St. George's checkbook and practicing her signature. The other already had her credit cards in his pocket.
Defendant Fuselier was the driver of that motorcycle. The passenger, Risher, pleaded guilty to purse snatching and, at Fuselier's trial, testified that he snatched the purse. By thus taking the blame for the crime, Risher fulfilled a promise he had made to Fuselier in the presence of the officers at the scene of the crime.
The first assignment of error attacks the sufficiency of the evidence.
The standard of review as to the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
The crime of purse snatching, a violation of La.R.S. 14:65.1, is defined:

*558 "A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon."
At trial, the victim, Laura St. George, testified that on July 24, 1984, at approximately five o'clock in the afternoon, she was returning to her car in the parking lot of the K-Mart Store in Lake Charles, when she heard a motorcycle approach from the corner and then felt her purse being stripped away from her. She testified that she saw two males on the motorcycle, but they had helmets on so she was not able to see their faces. She then returned to the store and talked to the lady at the desk who called the police. Miss St. George further testified that her purse contained a certain amount of cash along with her credit cards.
Officer Ronald Lewis of the Lake Charles Police Department, responding to a radio directive about five o'clock in the afternoon of July 24, 1984, testified that he went to a parking lot on the corner of LaGrange and Kirkman near LaGrange Stadium, and there spotted two white males and a motorcycle under a tree. One of the men was astride the motorcycle. Earlier, a coach at LaGrange High School stadium had called the police and informed them that there were two white males on a motorcycle underneath some trees on a parking lot near the stadium and that they were going through a purse.
The man not on the motorcycle approached Officer Lewis, who was wearing street clothes and driving an unmarked car. Officer Lewis then showed the man his identification and asked him to place his hands on the car and not to move. Next, Officer Lewis approached the other male and advised him to step away from the motorcycle and put his hands on the car. Several other officers at that time arrived and the two men were placed under arrest and advised of their Miranda rights. The victim, Laura St. George, was then brought to the scene and she identified her purse and the contents thereof, which were scattered all around the motorcycle. The two men were identified as the defendant, Shannon K. Fuselier, the driver of the motorcycle and Michael Douglas Risher, Jr., the passenger who snatched the purse from Miss St. George.
The testimony of several other officers of the Lake Charles Police Department corroborated the testimony of Officer Lewis.
Officer Denise Hughes testified that she had known the defendant from prior occasions and that on July 24, 1984, after the defendant had been arrested and brought to the police station, he asked her "what kind of time am I looking at for this."
Although Fuselier did not actually snatch the purse, since he was busy driving the motorcycle, there was plenty of evidence that he participated in the act. It was he who maneuvered the motorcycle close enough to Miss St. George so that Risher could grab the purse, and it was he who applied the gas to speed away when the purse was in Risher's possession. At the scene, some cash was found and Miss St. George's credit cards were in Fuselier's possession.
Viewing this evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant, Shannon K. Fuselier, had by the use of force, snatched a purse containing U.S. currency and credit cards from the immediate control of Laura St. George and therefore committed the crime of purse snatching.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
The defendant contends the trial judge erred in his denial of the defendant's motion for a mistrial. Specifically, the defendant contends a mistrial should have been granted after Detective Denise Hughes of the Lake Charles Police Department testified on cross-examination by defense *559 counsel that the defendant had been arrested on a previous occasion.
In State v. Fowlkes, 352 So.2d 208 (La. 1977), the Louisiana Supreme Court examined the issue of whether a police officer's reference to a report of a previous crime allegedly involving the defendant warranted a mistrial. In Fowlkes, the court states:
"A direct or indirect reference to another crime committed or alleged to have been committed by defendant, as to which evidence would not be admissible, made within the hearing of the jury by the judge, district attorney, or a court official, during trial or in argument, would require a mistrial on motion of defendant. La.Code Crim.P. art. 770(2). First, a police officer is not a `court official'; therefore, article 770 does not apply. Rather, article 771 of the Code of Criminal Procedure would be the applicable article. State v. Hardy, 344 So.2d 1018 (La.1977); State v. Jones, 332 So.2d 466 (La.1976); State v. Lepkowski, 316 So.2d 727 (La.1975); State v. Clark, 288 So.2d 612 (La.1974)."
La.Code Crim.P. art. 771 provides in pertinent part:
"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * * * *
"(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
"In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
The testimony complained about in the present case was given by Officer Hughes while she was under cross-examination by defense counsel, and consisted of the following exchange:
"Q. Okay. So you were talking as friends?
"A. I don't know if he considers me a friend or not. I was just asking him what he was doing there, because like I said, I know of him, and that he has been arrested on a previous occasion.
In accordance with State v. Fowlkes, supra, this testimony did not warrant a mandatory mistrial because a police officer is not a court official. As a result, the defendant's motion for a mistrial was discretionary with the trial judge. La.C.Cr.P. art. 771(2).
In State v. Narcisse, 426 So.2d 118 (La.1983), cert. denied ___ U.S. ___, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983), rehearing denied ___ U.S. ___, 104 S.Ct. 515, 78 L.Ed.2d 702 (1983), the Louisiana Supreme Court stated:
"Mistrial is a drastic remedy and, unless mandatory, is committed to the sound discretion of the trial judge. C.Cr.P. 770; State v. Tribbet, 415 So.2d 182 (La.1982). It is only warranted if substantial prejudice results which would deprive defendant of a fair trial. State v. Tribbet, supra; State v. Sepulvado, 367 So.2d 762 (La.1979). The trial judge is granted discretion to determine whether a fair trial is impossible, or whether an admonition is adequate to assure a fair trial when prejudicial conduct does not fit within the mandatory mistrial provisions of C.Cr.P. 770. State v. Belgard, 410 So.2d 720, 724 (La.1982). The ruling will not be disturbed on review absent an abuse of discretion. State v. Alexander, 351 So.2d 505 (La.1977); State v. Haynes, 339 So.2d 328 (La. 1976)." (footnotes omitted)
In the present case, immediately after Officer Hughes made that response, the defendant objected and asked for a mistrial. Because Officer Hughes was under cross-examination by defense counsel instead *560 of direct examination by the state, the trial judge chose not to grant a mistrial. As indicated in Narcisse, supra, this decision was well within the trial judge's discretion.
The defendant also contends that an admonition was necessary to insure that the defendant receive a fair trial. However, the record reflects that the defendant never requested that the jury be admonished to disregard the remark, as required by La.C.Cr.P. art. 771. In State v. Tribbet, 415 So.2d 182 (La.1982), the Louisiana Supreme Court in examining La.C.Cr.P. art. 771 stated:
"As for the trial judge's failure to admonish the jury after the officer's statement, it is evident that C.Cr.P. art. 771 mandates a request for an admonishment. As a result, the judge's failure to instruct the jury to disregard the allegedly prejudicial reply, absent a request, was not, in itself, reversible error. State v. Williams, 375 So.2d 364 (La.1979); State v. Lee, 340 So.2d 180 (La. 1976). Further, a review of the testimony reveals that the officer's statement was nothing more than an obscure reference to other crimes and was made without explanation or elaboration. An admonition by the trial judge in the present case would have brought the other crimes issue to the jury's attention. Considering the innocuous nature of the officer's answers, it is our opinion that the trial judge, by not instructing the jury, probably followed a better course of action. In any event, the defendant was not prejudiced by the officer's statement...."
In the present case, the officer's remark was only a reference to a previous arrest and was made without elaboration. The defendant was not prejudiced by the remark. Without a request by the defendant, an admonition would only have served to focus the jury's attention on the defendant's previous arrest. Consequently, the trial judge's failure to instruct the jury to disregard the remark was not error.
This assignment of error is without merit.
The conviction is affirmed.
AFFIRMED.