HIGHTOWER, Judge.
In a jury trial, defendant, Gary Lee, was found guilty as charged with simple burglary, a violation of LSA-R.S. 14:62. He was sentenced to four years at hard labor, and now appeals.
Ten assignments of error have been asserted, but only five were briefed and thus the others are considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA Rule 2-12.4. We affirm both the conviction and sentence.
FACTS
Sometime around 2:00 a.m. on March 1, 1987, Roy Casey was working as a private security guard at Clues, an after-hours nightclub in Shreveport. Because a number of automobiles had been burglarized in the vicinity of the club, Mr. Casey was expected to patrol the surrounding area. While parked in his car on a nearby street, he observed two black males also sitting in a parked vehicle a short distance away. The individual on the passenger side of the other vehicle got out and went to the other side of the street, where he peered into two parked cars, an Oldsmobile and a Thunderbird.
Subsequent events forced Mr. Casey to move his car to a less conspicuous location, and from that site he observed the before-mentioned individual smash a window on the passenger side of the Oldsmobile, open a door, and get in. The second man, who had remained seated in his vehicle, then exited and proceeded across the street to the Oldsmobile. When Mr. Casey then approached, the second man, the defendant, had opened the driver’s door of the Oldsmobile and had one leg inside. However, both men quickly jumped out of the Oldsmobile and returned to their previous positions in their own car.
Mr. Casey ordered both individuals out of their vehicle, after drawing his firearm when one of the suspects reached under the car seat. Defendant was arrested, but the other individual, despite a warning shot fired in the air by Mr. Casey, was able to escape under the shield of a passing vehicle. Shreveport police soon arrived, and defendant was relinquished to their custody.
ASSIGNMENTS OF ERROR NOS. 1, 2, AND 3
On the first day of jury selection, Ms. Cynthia George, defendant’s girlfriend, asked a prospective juror with whom she was acquainted for some change to use in a parking meter. The juror, Mr. David Lee, gave a dollar to her in the courtroom in the presence of other prospective jurors, one of whom, Mrs. Mary Peterson, informed the bailiff of the transaction. The bailiff in turn, the next morning, informed the assistant district attorney and the court of the exchange. At a recess, Ms. George also returned to Mr. Lee some change from the dollar.
During voir dire that second day, Mr. Lee revealed that he knew Ms. George because until recently he had lived in her neighborhood, and two of her brothers were friends of his teenage son and visited his home about once every two weeks. While all prospective jurors were in the courtroom, he acknowledged, in response to questioning, that he had loaned Ms. George 50 cents for the parking meter, but stated that their conversation involved nothing else.
Shortly thereafter, at the request of defense counsel, all other prospective jurors were taken from the courtroom. Further brief questioning of Mr. Lee, other than disclosing that the assistant district attorney had earlier that morning asked him about the episode, established basically that a straightforward conversation and a 50 cent loan had occurred.
A motion for a mistrial was then made by defendant, based on a claim that the jurors had been improperly influenced by the state’s questioning of Mr. Lee. A motion was also made for the court to order the assistant district attorney to make available any information concerning the incident that he had acquired during any independent investigation. Both motions were denied and are now the bases for two *705 assignments of error. In a third assignment, the defense contends a mistrial should have been declared since other jurors may have witnessed the loan incident.
The purpose of voir dire examination of prospective jurors is to determine their competence and impartiality, and to afford counsel the basis to make challenges for cause and to secure information for the intelligent exercise of peremptory challenges. State v. Graham, 486 So.2d 1139 (La.App. 2d Cir.1986), writ denied, 493 So.2d 633 (La.1986). A mistrial is a drastic remedy. Except in instances where mandatory, a mistrial is warranted only when substantial prejudice results to the accused, depriving him of a reasonable expectation of a fair trial. State v. Whitley, 296 So.2d 820 (La.1974).
The questioning of Mr. Lee concerning the nature of his friendship with Ms. George was proper, especially in view of her obvious interest in the trial’s outcome. The loan to her was an appropriate area of inquiry in ascertaining the closeness of their friendship, as well as the substance of the conversation had the previous day after jury selection had begun.
Substantial prejudice, warranting a mistrial, did not result either from the questioning of Mr. Lee in the presence of the other prospective jurors or from their witnessing the brief conversation and exchange of money between Mr. Lee and Ms. George. The assistant district attorney’s inquiries were pertinent and did not imply that anything illicit or underhanded had occurred, and Mr. Lee’s answers surely established that he merely did a small favor for an acquaintance. Furthermore, the record does not reveal how many prospective jurors observed the transaction, let alone that any were prejudiced by it. Only one person, Mrs. Peterson, even felt the matter to be significant enough to bring it to the bailiff’s attention, and she was excluded from serving on the jury, as was Mr. Lee. Finally, it is quite difficult to understand how any juror could feel that the incident was an attempt by the defendant to improperly influence Mr. Lee. An almost inconsequential amount of money was involved, and it was Ms. George that received, rather than provided, it.
The record contains no clear evidence that the assistant district attorney conducted his own “independent investigation.” He apparently learned of the transaction from the bailiff, who stated that he also would have notified defense counsel had he been readily available. The assistant district attorney, although he may have mentioned the matter to the prospective juror before court, conducted a thorough examination on the record in open court before defendant and his attorney. Thus, all the available information was shared with defendant.
For the foregoing reasons, these assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 9
In this assignment defendant asks the court to consider any errors patent. Our review of the record reveals none, and the assignment is without merit.
ASSIGNMENT OF ERROR NO. 10
In this assignment defendant contends that an excessive sentence was imposed.
Ordinarily, a claim of excessiveness is two-tiered, urging first non-compliance with the mandatory sentencing guidelines of LSA-C.Cr.P. Art. 894.1. Defendant has not advanced that argument, however; so non-compliance is not an issue.
Under the second tier we must determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). It is well settled that the sentencing judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
The pre-sentence investigation reveals that defendant’s criminal behavior began as a juvenile and resulted in his confinement at LTI in Monroe. In 1984 defen *706 dant was convicted of shoplifting, and in 1986 he was charged with simple burglary, the same offense that is the subject of this appeal. In response to the burglary charge, he pled guilty to middle-grade theft and was sentenced to one year at hard labor. That sentence was suspended; two years of supervised probation were imposed; and the instant offense was committed during the period of probation from that earlier felony.
Defendant faced, in the present case, a possible maximum sentence of twelve years at hard labor. Thus, his four year sentence was only a third of what he could have received. Such leniency, coupled with defendant’s prior criminal history, clearly indicates there was no abuse of sentencing discretion by the trial judge. This assignment of error is meritless.
CONCLUSION
For the reasons indicated the conviction and sentence are affirmed.
AFFIRMED.