607 So.2d 641 (1992)
STATE of Louisiana, Appellee,
v.
Eugene DEAL, Appellant.
No. CR 91-1400.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1992.
*644 Burton Guidry, Baton Rouge, for defendant-appellant.
Cliff Strider, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before STOKER and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
BERNARD N. MARCANTEL, Judge Pro Tem.
On February 5, 1991, defendant, Eugene Deal, was charged by bill of information with two counts of distribution of cocaine, bearing docket number 229,803, violations of La.R.S. 40:967 A(1). Defendant was charged with having committed these offenses on November 29, 1990 and December 6, 1990. The State proceeded to trial only as to one count, and a jury found defendant guilty as charged on July 18, 1991. On July 22, 1991, defendant was charged as a multiple offender. Defendant had previously pled guilty, on November 12, 1990, to two counts of aggravated battery and one count of possession of cocaine with intent to distribute in docket numbers 225,194 and 227,696. At that time, the trial court had suspended defendant's sentences and placed him on probation. After a sentencing hearing on the present conviction, the trial court found defendant to be a third felony offender and sentenced him to 25 years at hard labor, to run consecutive to any sentence then being served.
On September 13, 1991, a probation revocation hearing was held, wherein defendant admitted to violating the conditions of his probation. The trial court revoked defendant's probation and ordered him to serve the original sentence imposed on November 12, 1990.
At the conclusion of sentencing, defense counsel gave notice of his intent to appeal. A written motion for appeal in docket number 229,803 was filed on September 24, 1991, and was granted by the trial court the next day. A motion for appeal in docket numbers 225,194 and 227,696 was also filed on September 24, 1991, and the motion was granted.
In a subsequent motion for appeal, defense counsel stated that he discovered defendant was not eligible to appeal his probation revocation in docket numbers 225,194 and 227,696 and that these matters should be designated as applications for writs. Counsel further stated that the court had indicated to him it would be necessary to "file an out of term [sic] appeal and designate all matters requiring writs," in order for the appeal to be perfected. An order of appeal was granted to defendant by the trial court on February 12, 1991, allowing him to perfect an out-of-time appeal. In his application for writs of review, defendant asked this court for an order of consolidation of both the appeal and application for writs in that the matters arose from similar facts and the assignments of error set forth in the appellate brief were the same errors as those in the application for writs. The request was denied by this court. Therefore, the only conviction to be reviewed in this appeal is the distribution of cocaine in docket number 229,803. Defendant has assigned the same 24 assignments of error in his appeal and writs. Assignments of error numbers 3, 6, 7, 8, 10, 12, 15, 21 and 22 were not briefed and are considered abandoned. Uniform RulesCourts of Appeal Rule 2-12.4; State v. Dewey, 408 So.2d 1255 (La. 1982). Further, assignments of error numbers 16, 19 and 23 involve defendant's probation revocation and guilty plea hearing and are addressed in his writ application.

ASSIGNMENT OF ERROR NUMBER 1
In this assignment of error defendant contends the trial court erred in granting the State's motion to sever count one and count two in docket number 229,803, charging him with distribution of cocaine.
The bill of information charged defendant with distribution of cocaine on two separate occasions. Prior to trial, the State announced it would try defendant only on count two of the bill. Defendant objected *645 and, after argument on this issue, the trial court allowed the State to proceed as to count two only. The State argues that it did not move to sever the counts; it merely elected to try only one of the counts, which is authorized by La.C.Cr.P. art. 61. This article provides as follows:
"Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute."
Defendant argues that the State was seeking a severance and that La.C.Cr.P. art. 495.1 allows a severance only if the State or defendant is prejudiced by the joinder of offenses. La.C.Cr.P. art. 495.1 provides:
"If it appears that a defendant or the State is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires."
During argument on this issue prior to trial, the trial judge stated that he was not certain whether or not the State was in essence severing the counts, and, that he thought the State had severed the counts but would permit the State to proceed with only one count. The record reflects that, at a previous preliminary examination, the State announced its intention "to sever count 1 from count 2."
It is this court's belief that the State was actually seeking a severance by proceeding to trial on only one count. The State concedes in its brief that no prejudice was shown. However, the trial judge's ruling cannot be said to have been an abuse of discretion. Any error in this regard is harmless. An error is harmless if there is little likelihood that it would have changed the result. State v. Frisco, 411 So.2d 37 (La.1982). However, before an error can be held harmless, the court must be satisfied that the error was harmless beyond a reasonable doubt. State v. Jones, 386 So.2d 1363 (La.1980). In this case, defendant benefited from the jury's lack of knowledge of the drug transaction which comprised count one and which was severed. Defendant asks for relief in the form of a new trial on both counts, or the dismissal of the severed count. Defendant's alternative requested relief has been afforded him. By letter dated May 13, 1992, the State sent formal notice of its nolle prosequi of count one. There is little likelihood that the severance changed the result. A motion for severance is addressed to the sound discretion of the trial court and its ruling will not be disturbed on appeal absent a showing of abuse of discretion. State v. Hunter, 551 So.2d 1381 (La. App. 3 Cir.1989). No abuse of discretion has been shown in this case. This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NUMBERS 4 and 5
Defendant contends in these assignments of error that the trial court erred in denying his motion for a mistrial based upon a police officer's testimony of other crimes evidence.
During trial, Officer Kevin Stafford testified that, on December 6, 1990, he assisted in an investigation, the focus of which was defendant. The State asked Officer Stafford if he had ever seen defendant before and Officer Stafford replied: "Yes, sir. I met Eugene Deal a week prior to that (Interrupted)." At this point, defendant objected and a bench conference followed. There is no record of what transpired at the bench conference. After the bench conference, Officer Stafford was questioned concerning defendant's physical appearance on December 6, 1990, including his hair style. The following exchange then occurred when the State continued its questioning:
"Q. And, of course, his hair's not like that today, is it?
A. No, sir, it's not.
Q. When you had seen him the week before was his hair the same way?
A. Yes, sir, it was."
At this point, the jury was removed, and defense counsel argued the State was attempting *646 to introduce inadmissible other crimes evidence through Officer Stafford. The State responded that it had no intention of introducing other crimes evidence but, that defense counsel had raised the issue of identification and defendant's appearance was relevant to prove his identity. The motion for mistrial was denied by the trial judge who concluded that there had been no direct evidence about any previous criminal activity.
Later, during cross-examination of Officer Stafford by defense counsel, the following exchange occurred:
Q. How long has it been, Deputy Stafford, since you saw Mr. Deal?
A. That was the last night I saw him, December 6th?
Q. December 6th of 1990?
A. That's correct.
Q. And you haven't seen him since then, correct?
A. No, sir, I have not.
Q. And it's easy for you to come into Court today after that particular time and say positively, one hundred percent, that [sic] Eugene Deal?
A. Yes sir, it's correct.
Q. No room for mistake in your mind?
A. Not a doubt.
Q. What role did the confidential informant play in this transaction?
A. Not any. I'd met Mr. Deal previously. I purchased narcotics from him (Interrupted)
Q. Judge. One second, may I approach the bench?
BY THE COURT: The jury will disregard that ... that remark. That's not at issue here."
The jury was again removed and defense moved for another mistrial, which was denied by the trial judge.
La.C.Cr.P. art. 770, cited by defendant in his contention that he should be granted a mistrial, provides in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;"
The State contends that art. 770 is not applicable because the remark was made by a police officer and that it is well settled that, for purposes of art. 770, a police officer is not a court official. State v. Hayes, 414 So.2d 717 (La.1982); State v. Farris, 491 So.2d 464 (La.App. 3 Cir.1986). The State contends that the issue should be governed by La.C.Cr.P. art. 771 instead, which provides:
"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * * * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
In further argument, the State cites State v. Smith, 418 So.2d 515 (La.1982), wherein defendant moved for a mistrial after a police officer testified regarding a police bulletin concerning a different robbery earlier the same evening. The Louisiana Supreme Court stated that defendant's relief was pursuant to art. 771 since the statement was made by a witness, not a court official. The court held, at page 522:
"Mistrial under that section is at the discretion of the trial court and should be *647 granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. Moreover mistrial is a drastic remedy which is only authorized where substantial prejudice will otherwise result to the accused."
Defendant contends that the testimony quoted above implies that Officer Stafford had encountered defendant one week prior to December 6, 1990, for what could only be logically deduced as another drug purchase. Further, defendant contends that Officer Stafford's testimony was solicited by the State, so his actions should be considered those of a court official.
This court, in State v. Lee, 569 So.2d 1038 (La.App. 3 Cir.1990), in addressing the issue, stated at page 1043 that, as a general rule, because a state witness is not a court official within the meaning of art. 770, art. 771 would apply. "However, the jurisprudence reflects that an impermissible reference to another crime deliberately elicited by the prosecutor would be imputable to the State and would mandate a mistrial."
As for the first two responses by Officer Stafford, which were objected to by defense counsel, this court is of the opinion that the trial judge did not err in denying defendant's motion for a mistrial. Neither responses could be considered a direct or indirect reference to another crime, as required by La.C.Cr.P. art. 770. The State did not refer to any particular criminal activity committed by defendant or suggest that defendant had ever been arrested in the past.
Officer Stafford's responses during direct examination did not imply that a previous drug purchase had taken place, as argued by defendant. Since the responses did not refer to another crime, the issue is governed by La.C.Cr.P. art. 771, in which case the granting of a mistrial is at the discretion of the trial judge. After the first response by Officer Stafford, a bench conference was heard but not recorded. Therefore, it is uncertain whether defense counsel requested an admonition. No admonition was given. Defendant does not assert in his brief that an admonition was requested. After the second response, the jury was removed and another conference followed and was recorded. The record indicates that defendant did not request an admonition.
To trigger the need for an admonition, the remark must be an unambiguous reference to crimes alleged to have been committed by the defendant. State v. Farris, supra, at page 468, 469. Officer Stafford's remarks during the direct examination were not unambiguous references to crimes alleged to have been committed by defendant. The remarks merely referred to the fact that he had seen the defendant the previous week. Further, La.C.Cr.P. art. 771 mandates a request for an admonishment. State v. Farris, supra; State v. Fuselier, 474 So.2d 556 (La.App. 3 Cir. 1985). The record reflects that, during the second conference, defendant made no such request.
As for the third response by Officer Stafford, that he had purchased narcotics from defendant, this court finds that the trial court did not err in its failure to grant a mistrial. As the cases cited above hold, a police officer is not a court official for purposes of La.C.Cr.P. art. 770. However, under State v. Lee, supra, this court stated that an impermissible reference to another crime deliberately elicited by the State is imputable to the State, mandating a mistrial. The difference between the facts of this case and those of Lee is that, in the instant case, Officer Stafford's reference was not deliberately elicited by the State. The remark was made during cross-examination by the defense. Therefore, the remark falls under La.C.Cr.P. art. 771.
The trial judge briefly admonished the jury immediately after the remark was made, although no admonition was requested by the defense counsel. The State argued that Officer Stafford might have been referring to the fact that he knew defendant because he had purchased drugs from him on December 6, 1990, which was the incident for which defendant was being tried and which would have been admissible. *648 It cannot be said for certain that Officer Stafford was about to refer to his other purchase of drugs from defendant the previous week. This court feels that the officer's brief response, that he had purchased narcotics from defendant, was made without elaboration and does not show substantial prejudice or impossibility for defendant to have obtained a fair trial. In State v. Fuselier, supra, a police officer testified that the defendant had been arrested on a previous occasion. Because the officer was under cross-examination by defense counsel, the trial judge chose not to grant a mistrial. This court stated that such a decision was well within the trial judge's discretion. Likewise, the trial judge's decision in the instant case was within his discretion and will not be disturbed. These assignments of error lack merit.

ASSIGNMENTS OF ERROR NUMBERS 2 and 11
By these assignments of error, defendant contends that the trial court erred in not granting a mistrial because of the State's prejudicial remarks in voir dire, opening statements and closing remarks. Defendant's reference to alleged improper remarks by the State in his opening statement was not designated in any assignment of error and was not briefed. Therefore, it will not be addressed. Uniform RulesCourts of Appeal, Rule 2-12.4; State v. Dewey, supra.
During voir dire, the State attempted to determine whether any of the prospective jurors knew any of the persons involved in the case. One of the prospective jurors, Mrs. Davis, indicated that she knew defendant because she "used to see him come in the club." The State continued to question Mrs. Davis who stated the name of the club, to which the State responded "Todd Tanner's Club?" The defense counsel responded to the State's question by approaching the bench and a discussion, which was not recorded, ensued.
Afterwards, voir dire continued and the State asked Mrs. Davis if her acquaintance with defendant would affect her ability to be a juror in the case. When the State's interview of Mrs. Davis was completed, the prosecutor asked "All, right, anybody else know Todd Tanner?" Defense counsel again responded with a request to approach the bench, and the prosecutor stated: "I'm sorry. Know Mr. Deal.... does anybody else know Mr. Deal?" A bench conference, which was not recorded, followed.
After the jury left for the day, the trial judge stated on the record that, during voir dire of Mrs. Davis, defendant had moved for a mistrial at each bench conference. The trial judge denied both motions, to which defendant objected, stating that the second reference to Todd Tanner was a slip of the tongue and that he would give an admonition if requested by defendant the next day. No mention of an admonition was made the next day by defense counsel or the trial judge.
Defendant claims the State was attempting to link defendant with a highmedia profile drug defendant named Todd Tanner, an individual who had been profiled in the media relating to drug activity in Alexandria, Louisiana. Defendant claims these references to Todd Tanner were sufficient to warrant a mistrial but cites no law in support of his argument. The State admits Todd Tanner was a drug dealer. However, the first reference to Mr. Tanner was in direct response to the juror's reference to a local nightclub, and the second reference was an inadvertent, unintentional slip of the tongue on the part of the State.
The purpose of voir dire examination of prospective jurors is to determine their competence and impartiality, and to afford counsel the basis to make challenges for cause and to secure information for the intelligent exercise of peremptory challenges. State v. Graham, 486 So.2d 1139 (La.App. 2 Cir.1986), writ denied, 493 So.2d 633 (La.1986). A mistrial is a drastic remedy. Except in instances where mandatory, a mistrial is warranted only when substantial prejudice results to the accused, depriving him of a reasonable expectation of a fair trial. State v. Whitley, 296 So.2d 820 *649 (La.1974); State v. Lee, 545 So.2d 703 (La. App. 2 Cir.1989).
The references to Todd Tanner by the State were not sufficient to warrant a mistrial. No substantial prejudice resulted to defendant.
Defendant also complains that the State's closing argument was unduly inflammatory because the State told the jury not to ignore the fact that there are drugs in the community. The State claims that defendant had argued that the State's entire case was based on the perjured testimony of Officer Stafford, that the officer did not buy cocaine from defendant but, instead, a confidential informant bought the cocaine from someone other than defendant. In response to this argument, the State argued:
"But if you want to believe that the Louisiana State Police go around framing people, if you want to believe that Kevin Stafford took an oath under God, and got on this stand and perjured himself to convict one person, think about it. He's got a whole life in front of him in law enforcement. He's got seven years of a reputation. Why would he want to ruin that to get one guy. There are thousands of dope dealers out there. He can go make a good case. Why would he want to make a bad one and risk his whole reputation for the rest of his life. Doesn't make sense. You use your common sense. I asked you to do that. Don't leave your life experiences, don't leave your common sense at that door. Don't blindly say nobody sells dope in this community. Don't blindly say there's no dope in this community."
At this point, defense counsel again asked to approach the bench. No formal objection or motion for mistrial was made on record. After the jury retired to deliberate, the trial judge allowed defense counsel to object on the record to the State's comments regarding drugs in the community. The State argued that Officer Stafford did not have to manufacture cases because of the amount of drugs in the community. The trial judge overruled defendant's objection. When a defendant objects to improper remarks and the objection is overruled, the defendant is not required to move for an admonition or a mistrial to preserve his right to appeal. State v. Baylis, 388 So.2d 713 (La.1980).
It is well settled that La.C.Cr.P. art. 774 restricts closing arguments in criminal cases to the evidence, conclusions that may be drawn therefrom, and to applicable law. State v. Messer, 408 So.2d 1354 (La.1982). The State may not turn closing arguments onto a plebiscite on crime. Nevertheless, in order for an improper argument by the State to constitute reversible error, it must be shown that the remarks influenced the jury and contributed to the verdict. State v. Williams, 447 So.2d 495 (La.App. 3 Cir.1984), writ denied, 450 So.2d 969 (La.1984).
The jurors were not influenced by the remarks of the State. The argument was in rebuttal to that of the defense. While it might have been unnecessary, it cannot be said that the remark contributed to the verdict. Credit should be accorded to the good sense and fairmindedness of jurors who have heard the evidence and have been instructed repeatedly by the trial judge that arguments of counsel are not evidence. State v. Dupre, 408 So.2d 1229 (La.1982). Such an instruction was given in the instant case. These assignments of error lack merit.

ASSIGNMENT OF ERROR NUMBER 9
In this assignment of error, defendant alleges the trial court erred in not granting his motion to compel the identity of the confidential informant.
As a general rule, the State is permitted to withhold the identity of an informer from the accused. Defendant bears the burden of demonstrating exceptional circumstances pertaining to his defense before disclosure is required. State v. Simon, 544 So.2d 610 (La.App. 3 Cir. 1989), writ denied, 550 So.2d 647 (La.1989). Wide discretion is vested in the trial court to determine when disclosure is proper. Disclosure of the name of the confidential informant is generally ordered when the *650 prosecution's case shows that the informer, cooperating with the police, participated in the crime. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. den., 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972); State v. Fontenot, 524 So.2d 867 (La.App. 3 Cir.1988).
Defendant argues three factors in support of his claim of exceptional circumstances pertaining to his defense which warranted disclosure of the confidential informant: (1) the tape of the alleged transaction was inaudible; (2) the testimony showed that the only person who could identify defendant was the informant; and (3) the informant that initiated the transaction was present with the "bugged" officer and participated in the actual set up of the sale.
The State argues that (1) a non-functional tape is not an exceptional circumstance; (2) the informant was not the only person who could identify defendant because an undercover agent had met defendant the previous week and had also seen defendant's photograph prior to the date of the offense; and (3) defendant's assertion that the informant initiated the transaction and participated in the set up of the sale are refuted by the record.
The record shows that, during trial, defendant asked Officer Stafford the name of the confidential informant. The State objected and a discussion ensued outside the presence of the jury. Defendant argued that the informant was an integral part of the transaction. The State argued that the deal was negotiated between the detective and defendant and that the informant was not present. The trial judge sustained the State's objection and defendant objected to the trial court's ruling.
Defendant has not borne his burden of demonstrating exceptional circumstances to warrant disclosure of the identity of the informant. As far as the inaudible tape is concerned, defendant merely mentions that the informant identified a person involved in the transaction as defendant and, had the tape of the drug transaction been audible, that person's voice would have been present. This is not an exceptional circumstance because the informant was not the only person to identify defendant.
Defendant's second claim, that the informant was the only person to identify defendant, is refuted by the record. Officer Stafford testified that he had met defendant the week prior to the date of the offense and had also seen defendant's photograph prior to the offense. Officer Stafford testified unequivocally that he did not mistake defendant for anyone else.
Defendant's third claim, that the informant initiated the transaction and participated in the set up of the sale, is also refuted by the record. Officer Stafford testified at trial that, on the night the transaction occurred at the bar, he was talking to the bartender while the informant strolled around the club talking to people and finally reaching defendant. After the informant and defendant talked for a few minutes, defendant motioned for Officer Stafford to go to the bathroom. Officer Stafford and defendant went into the bathroom alone. While in the bathroom, he and defendant discussed the drug transaction. Officer Stafford bought rocks of cocaine from defendant for $600.00. Officer Stafford further stated that he and defendant were the only two individuals involved in the actual transaction.
In State v. Simon, supra, a detective testified that the informer had arranged the meetings but did not participate in and was not a witness to either of the drug purchases. This court held that the defendant had failed to make the requisite showing and the trial court did not err in refusing to order the state to disclose the informant's identity. Further, in State v. Jones, 587 So.2d 787 (La.App. 3 Cir.1991), writ denied 590 So.2d 78 (La.1991), this court held that disclosure was not required where the informant was only present during the transaction and merely introduced the defendant to the detective. Based on the evidence that the informant did not participate in the actual drug transaction but merely arranged the meeting, the failure to supply the identity of the informant *651 was not error. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBERS 13 and 14
Defendant contends the trial court erred in failing to grant his motion for a new trial, based upon the trial and pretrial publicity and based upon newly discovered facts regarding the cost of enhancement of the audibility of the State's taped evidence.
Defendant claims several news articles had appeared in the Alexandria Daily Town Talk immediately prior to and during the trial, outlining the allegations against him and his relation to Todd Tanner, a highmedia profile defendant. Defendant points out that the locale in which the case was tried is a small-to-medium sized city with only one daily paper. Considering the totality of the circumstances, defendant claims a postponement or mistrial should have been granted. At the hearing on the motion for a new trial, which was denied by the trial judge, defendant submitted several newspaper articles into evidence.
The State argues that defendant produced only six newspaper articles published during the two year period preceding the motion hearing. Also, the issue of pretrial publicity was probed in depth during voir dire and, during trial, the trial judge excused one of the jurors who had allegedly seen one of the newspaper articles. Further, the State contends that defendant requested only one continuance, which was granted by the court.
La.C.Cr.P. art. 851 provides as follows:
"The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right."
Defendant did not file a motion for a change of venue into the record. It is uncertain as to which provision under art. 851 defendant is basing his argument. The only provision which is applicable is provision (5). However, in State v. Segura, 464 So.2d 1116 (La.App. 3 Cir.1985), writ denied, 468 So.2d 1203 (La.1985), this court stated that the denial of a motion for new trial requested on this ground presents nothing for appellate review. Defendant's contention, that he should have been granted a new trial or postponement because of the publicity surrounding the case, is without merit.
Defendant also contends that a new trial should be granted based on newly discovered facts regarding the cost of enhancement of the audibility of the State's taped evidence. The drug transaction was recorded by a body transmitter concealed on the undercover officer who purchased the cocaine from defendant. However, the tape was basically inaudible. The tape was played for the jury.
Specifically, defendant asserts that his former counsel at trial had inquired into the cost and availability of having the voice stress analysis and tape enhancement done. Because of defendant's alleged indigent status, the cost was too expensive. Defendant's new counsel contends that he has found an expert to perform the analysis *652 which defendant can afford. At the hearing on the motion for a new trial, defendant argued that, although this is technically not new evidence, the new trial should be granted on the basis of a miscarriage of justice. Defendant wants to test the accuracy and genuineness of the fact that defendant's voice is on the tape.
The State contends that La.C.Cr.P. art. 851(3) is the only ground which could arguably apply. However, the State urges that there is no new evidence because defendant presented only testimony and documents relating to defendant's attempts to secure the services of a tape analyst, not the results of any such analysis. Further, the State claims the defendant did not exercise due diligence to obtain a tape analysis earlier. After being granted a continuance to have the tape analyzed, the defendant failed to inform the trial court that it was cost prohibitive or to ask the court for funds. Lastly, the State claims that, since the analysis was never performed, it cannot be argued that the evidence probably would have changed the verdict.
In examining La.C.Cr.P. art. 851, this court, in State v. McZeal, 467 So.2d 142, at page 146 (La.App. 3 Cir.1985), cited State v. Prudholm, 446 So.2d 729 (La.1984), which stated:
"`This rule contains the four generally recognized requisites for the motion for a new trial based upon newly discovered evidence: (1) the evidence must have been discovered since the trial, (2) failure to learn of the evidence at the time of trial was not due to defendant's lack of diligence, (3) it must be material to the issues at trial, (4) it would be of such a nature that it would probably produce an acquittal in the event of retrial. (Citations omitted.)' State v. Prudholm, supra, at page 735.
In addition to stating these requirements, the court in Prudholm further recognized that the trial judge's application of these precepts to newly discovered evidence is entitled to great weight and his discretion should not be disturbed on review if a reasonable man could differ as to the propriety of the trial court's action."
The sole authority cited by defendant is State v. Gilmore, 332 So.2d 789 (La.1976), wherein a new trial was granted on the ground of newly discovered witnesses, whose testimony at a hearing was material, controverted much of the state's evidence and would probably have changed the verdict. The court stressed the fact that defendant was represented by appointed counsel through the indigent defender program. The court could not say that counsel failed to exercise reasonable diligence in light of his limited resources; and, even if he did fail, defendant, an indigent, should not be caused to suffer because of a possible shortcoming of counsel provided by the court.
The trial court did not err in denying defendant's motion for a new trial based on this ground. First, State v. Gilmore, supra, is distinguishable from the present case because defendant was not represented by appointed counsel from an indigent defender board. Defendant stated that his counsel at trial was retained. Defendant then retained a different law firm to represent him as of August 6, 1991. Further, the record shows that defendant has failed to uncover new evidence which controverts the State's evidence and which would have changed the verdict. This assignment of error also lacks merit.

ASSIGNMENT OF ERROR NUMBER 17
Defendant contends by this assignment of error that the trial court erred in determining that he is a third felony offender and in designating him a habitual felony offender for purposes of sentencing.
Defendant claims that he was held to be a habitual offender based partly on his conviction for distribution of cocaine. Defendant argues that his habitual offender status should be altered if this court decides the conviction for distribution of cocaine is invalid. Defendant asserts that all other arguments and submissions are of record at the habitual offender proceeding.
*653 The record shows that, on July 22, 1991, a habitual offender bill was filed against defendant, setting forth defendant's guilty pleas to two counts of aggravated battery and one count of possession of cocaine with intent to distribute on November 12, 1990. Further, the State charged that defendant was thereafter convicted of one count of distribution of cocaine on July 18, 1991, and that defendant should be sentenced as a third felony offender. At the hearing, defendant stipulated to the conviction and guilty pleas and to the identity of defendant. The court then found defendant to be a third felony offender.
Defendant's only claim, that his habitual offender status should be altered if this court decides the conviction for distribution of cocaine is invalid, is without merit. Defendant's conviction by a jury for distribution of cocaine has not been found to be invalid and was an appropriate conviction to take into consideration in adjudging defendant a multiple felony offender. However, two errors patent did occur at the habitual offender hearing. As to the first error patent, the State admits in its brief that defendant was not advised by the court of his right to remain silent at the hearing.
Under the statute, before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, he must first be advised of his rights by the court. La.R.S. 15:529.1(D); State v. Johnson, 432 So.2d 815 (La.1983). Specifically, defendant must be advised by the court of his right to a formal hearing and to have the state prove its case. State v. Johnson, supra. Further, this section implicitly provides that the defendant must be advised by the court of his statutory right to remain silent. State v. Johnson, supra.
In State v. Jackson, 563 So.2d 1362 (La. App. 3 Cir.1990), this court held:
"Failure of a trial court to advise relator of his right to remain silent is harmless error if it is proved by competent evidence at the multiple offender hearing that relator was the same person convicted of the predicate offense in the multiple offender bill. State v. Mallett, 552 So.2d 28 (La.App. 3 Cir.1989)."
At the hearing on the motion to withdraw his guilty pleas in docket numbers 225,194 and 227,696, defendant admitted under oath that he was the individual convicted of the predicate offenses. At the conclusion of that hearing, the hour was late and the trial judge indicated he did not wish to hear the remainder of the motions at that time. The State informed the court that its fingerprint witness for the habitual offender proceeding was present and had been waiting all day to testify as to defendant's identity. Before the State could present the testimony of this witness, the defendant stipulated, for purposes of the habitual offender proceeding, to the fact of the convictions and the identity of defendant.
At the hearing on the probation revocation, the State proceeded with the multiple offender bill. Defendant was represented by counsel, who again stipulated as to defendant's identity and that the allegations in Paragraphs One, Two and Three of the habitual offender bill were true. These paragraphs recite the particulars of defendant's convictions and guilty pleas. The State introduced certified copies of the bills of information, minute entries, and transcripts of the guilty plea colloquy and sentencing proceeding, all without objection by defendant.
In a Per Curiam, the trial judge stated that the State had proved defendant was convicted of aggravated battery and possession with intent to distribute cocaine prior to the commission of the instant offense, distribution of cocaine. Although the convictions and sentences to the predicate offenses were entered the same date, the underlying offenses were separate crimes, committed on different dates. The court found defendant to be a third felony offender.
The failure of the trial court to advise defendant of his right to a formal hearing and his right to remain silent is harmless error. The State submitted competent evidence at the hearing of defendant's *654 identity, including the bills of information, minute entries, and transcripts of the guilty plea colloquy and sentencing proceeding. The State even attempted to offer testimony of its fingerprint witness as to defendant's identity. However, defendant stipulated to the fact of the convictions and identity of defendant. Defendant had even previously admitted under oath at the hearing on the motion to withdraw his guilty pleas that he was the individual convicted of the predicate offenses. Although State v. Jackson, supra, refers only to defendant's right to remain silent, with the State submitting competent evidence, the harmless error rule should also apply to defendant's right to a hearing and right to have the State prove its case. A hearing was held; however, its brevity was due to defendant's stipulations. Also, the competent evidence submitted by the State was sufficient to prove its case.
In the second error patent, we find that the court erred when it found defendant to be a third felony offender, instead of a second felony offender. However, subsequent to the trial court's opinion, the Supreme Court, in State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992), held that La.R.S. 15:529.1(A) sets forth a sequential requirement for enhanced penalties in the sentencing of multiple offenders. "The cornerstone of that scheme is that felons graduate to second offender status, not by committing multiple crimes, but by committing a crime or crimes after having been convicted." The sequence necessary for enhancement of a sentence under the Habitual Offender Law is commission of a crime, or crimes, followed by conviction (equals a first offender), then commission of another crime, or crimes, followed by conviction (equals a second offender), and so forth. In Mims, the defendant had been convicted of two felonies on November 22, 1978: attempted simple burglary and attempted simple robbery, which arose from independent criminal conduct on separate dates. On January 12, 1985, he committed the crimes of second degree battery and purse snatching (one incident). The Supreme Court held that the defendant could only be a second felony offender for the latter crimes.
In the instant case, defendant was adjudged a third felony offender for having committed two prior felonies. These felonies were separate crimes, committed on separate dates. However, defendant was convicted (pled guilty) of both of these prior felonies on the same date, November 12, 1990. Defendant can only be a second felony offender, according to the language in the rehearing opinion in Mims. Therefore, defendant's sentence for distribution of cocaine in docket number 229,803 should be set aside and the case remanded to the district court for sentencing in compliance with La.R.S. 15:529.1 and La.C.Cr.P. art. 894.1.

ASSIGNMENTS OF ERROR NUMBERS 18 and 20
In these assignments of error defendant claims his sentence for distribution of cocaine in docket number 229,803 is excessive insofar as it was made to run consecutively with the companion sentences made executory in docket numbers 225,194 and 227,696. Specifically, defendant asserts that, because of lack of violence, the sentence is excessive in light of the conviction for a crime which was orchestrated by the State.
It has previously been determined that defendant should have been adjudged a second felony offender for the offense of distribution of cocaine and that defendant's sentence must be set aside and the case remanded for resentencing in accordance with La.R.S. 15:529.1. These assignments of error are moot and will not be addressed.

ASSIGNMENT OF ERROR NUMBER 24
Defendant asks this court to examine the record for any errors patent. Other than the two errors which occurred during the habitual offender hearing, no other errors were found.
For the reasons assigned, defendant's conviction is affirmed but, due to error in finding defendant to be a third felony habitual offender, his sentence is set aside and the case is remanded for resentencing *655 in accordance with La.R.S. 15:529.1 and State ex rel. Mims v. Butler, supra.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.